TotteN, J.,
delivered the opinion of the court.
Debt — -judgment for Bradley, the plaintiff below, for $381, and Elder, the defendant, appealed in error. The said Elder was legally 'appointed administrator of M. A. Martin, on the 1st of Sept., 1851; this action was instituted by the issuance of the writ on the 1st of September, 1853.
The defendant pleaded the statute of limitations of two years, as a bar to the action. 1789, ch. 23, § 4.
The question is, was the suit instituted within the two years, as limited by the statute?
The provision is, that “creditors” resident in the State, as in this case, 11 Shall within two years from the qualification of • the executor, or administrator,” exhibit and demand their debts, and if they '■‘•fail to demand and bring suit” “ within the aforesaid time limited,n they shall be forever barred.
*251 Eor tbe defendant, the administrator, it is argued, that the day when he “qualified'" and assumed the office, is to be included in the computation, and he relies upon Jones vs. Planters’ Bank, 5 Humph. R., 622. King vs. Adderly, Doug., 463. Norris vs. Hundred of Gautris, Hobart, 139. Presbey vs. Williams, 15 Mass. R., 193.
In the computation of time, from an act done, or an event, or from a date, or the day of a date, there is such discord in the numerous cases, that it is not possible, as it seems to us, to deduce a principle from them, in which they will harmonize.
In Glassington vs. Rawlings, 3 East., 407, it was declared upon the authority of several cases, that where the computation is to be made from an act done, the day when the act is done is to be included. Clayton’s ease, 5 Co., 1. King vs. Adderly, Doug. 463. Cartle vs. Burdett, 3 Term R., 624. Norris vs. Hundred of Gautris, Hobart, 139.
So in Pearpont vs. Graham, 4 Wash. (Cir. Co.) R., 233. Mr. justice Washington said, after reviewing the cases, that where the computation of time is made from an aot done, the day on which the act is performed is included, because the act is the terminus a quo, the computation is to be made. On the contrary, in, Jones vs. Planters’ Bank, 5 Humph. R., 620, where the subject was very much considered, this principle was repudiated, and the comt say, the principle that seems to have governed in all the modern cases is, that the time will be so computed, as to save the right intended to be favored by the law, or to be secured by the parties, to a contract. And it was held, under the Act of *252 1820, cb. 11, giving the debtor, whose land has been sold by execution, the right to redeem “at any time within two years after such sale,” that the day of the sale is to be excluded in the computation.
This decision rests on the principle, that where it is necessary to save a right, or prevent a forfeiture, the day of the act, or event, will be excluded in the computation. Vid. Dowling vs. Foxall, 1 Ball & Beatty, 193. Bigelow vs. Wilson, 1 Peek R., 485. Lester vs. Garland, 15 Ves. R., 248.
And so in Sims vs. Hampton, 1 Serg. and Rawle., 411, it was held., that in computing the twenty days allowed for an appeal, by the arbitrative statute of that State, the day on which it is entered is excluded, on the principle, that the day on which the act is done, is to be included or excluded, as the nature of the case may require a liberal or rigorous construction.
To the same effect is the opinion of Mr. Kent (4 Com., 95, note) who says there is no general rule on the subject, and in computing time from an act, or an event, the day is to be inclusive, or exclusive, according to the reason of the thing, and the circumstances of the case. It seems, as before intimated, that the principle is not capable of a more precise and definite statement.
But it may be safely assumed, that the tendency of the modern cases is, to exclude the day of the act or event, unless for a special reason, it be necessary to include it. Thus, in Lester vs. Garland, 15 Ves., 248, the day of Sir John Lester’s death, was 'reckoned as exclusive of the six months allowed to Mrs. P. to give security that she would not marry the person named; *253 upon the principle, that where time from a particular event is allowed a party to do an act, the day of the event is to be excluded in the computation, in favor of the right to be seemed by such act. Vide Blaymie vs. Haley, 6 Meeson & W., 49.
Now, from the time when the executor or administrator shall qualify, two years are allowed the creditor to sue for his debt, and if he fail to sue in the time limited, except in certain cases, provided for, his remedy is forever barred. However just and equitable the demand may be, the remedy is denied, and the debt becomes extinct. It is true, it may be a favor to those entitled to the estate of the deceased, but it is an evident injury to the vested rights of the creditor. It is a hard and rigorous rule, which from motives of policy, the legislature has thought proper to declare, and while it is of course the duty of the courts to enforce it, it is not their duty to give it that construction, which will be most to the prejudice of those, whose remedies and rights are to be forfeited by it, but in favor of the right, which in all such cases is in peril. We think it just and reasonable, that a liberal construction be adopted, and that the day when the executor or administrator shall qualify, be excluded in the computation.
The suit was, therefore, instituted in time, that is, on the last day of the time limited, the day when the defendant qualified as administrator, being excluded.
Let the judgment be affirmed.

Upon the general subject oí cómputation of time, see, also, Cowper, 114, Pugh vs. Duke of Leeds. 1 Bouv. Inst., 345, § 861. 2 Meigs Dig., 1004, § 1876. 1 Peck, 485, Bigelow vs. Wilson. 2 Swan, 66, *254 Simpson vs. Peck’s Ex'rs. 4 Pick., 167, Wheeler et al. vs. Brent. 1 Chitty’s General Practice, 774, 764, 765. 8 Yerg, 215, Carson vs. Love. 11 Mass. R., 400, Holden vs. James. 2 U. S. Dig., 839, §§ 5, 7, 9, 10, 11, 12, 13, 26. 3 id., 618, §§ 1, 4, 7, 12. 2 Livingston Law Mag., Richardson vs. Ford. 14 Ill. Rep., 332. Ellis, (Hew Series,) 141. Dwarris on Statutes, 779. 2 Gowen, 605, ex parte Dean. 2 id., 659, Homan vs. Liswell, which were cited in this cause.