### VANDERWERKER *vs.* THE PEOPLE.

A court of *special sessions* have the power, and it is their duty to issue a se= cond venire for a jury to try the defendant, if the first jury are discharged because they cannot agree upon a verdict.

Continuing a cause over from Saturday to Monday is *not* keeping the court open on the Sabbath, within the meaning of the statute.

Stating an offence to have been committed in the *town of* S., without adding the *county* in which the same is situate, is sufficient to give the justices juris- diction; the court taking judicial cognizance of the towns created by law.

The supreme court cannot pass upon the question whether the finding by the jury before a court of special sessions was against or without evidence; and therefore, though the facts of the case be returned, they will not look into them to see whether or not the jury erred.

The proceedings of a court of special sessions will not be reversed for the er= rors of the magistrate before whom the complaint was made.

ERROR from court of special sessions. The defendant was convicted of a petit larceny, and removed the proceedings into this court by *certiorari.* The points raised appear in the opinion delivered by the chief justice. The case was argu- ed by

*A. Stewart,* for the plaintiff in error.

*Greene C. Bronson,* (attorney general,) for the people.

*By the Court,* SAVAGE, Ch. J. The first objection taken is that the plaintiff in error was not examined when brought before the magistrate who issued the warrant, and that the complainant did not swear before the magistrate to the com- mission of a felony. In answer to this objection, it is to be observed that the return of the justices brings in review their proceedings as a court of *special sessions,* and *not* the previ- ous proceedings before the justice who issued the warrant. Were those proceedings before us, I should say the justice er- red in not pursuing the directions of the statute by examin- ing the complainant and the defendant; but that error could not affect the proceedings of the court which was subse- quently organized. It is not alleged that the warant did not

contain a charge of felony. To that charge the defendant pleaded, and the trial progressed.

It is further objected, that after the discharge of the first jury, the court had no power to issue another venire. The defendant had demanded a trial by jury, and when the first jury summoned for that purpose had been discharged on the ground that they could not agree, the court were bound to proceed and issue another venire. The defendant's demand of a trial by jury had not been withdrawn, but remained; and the court could not legally try the defendant in any other manner.

It is also objected that the court was kept open on the *Sabbath.* The court make use of those terms, but they probably intended to convey the idea that they adjourned or suspended business until the return of the second venire on Monday. By the *Revised Statutes, vol.* 2, *p.* 275, it is declared that no court shall be opened or transact any business on Sunday, unless it be for the purpose of receiving a verdict or discharging a jury. It does not appear that this provision has been violated in this case, or that the court was actually opened or transacted business on Sunday. The justices considered it open, in contemplation of law, so far as not to lose jurisdiction of the case which was pending before them.

Another objection raised is, that it does not appear that the offence was committed in the county of Schoharie. This however is a mistake. The charge stated is that on, &c. *at Sharon aforesaid,* divers goods, &c. were feloniously taken, &c. Sharon had before been stated to be in the county of Schoharie; but had there been no reference to the county, the court takes judicial cognizance of the towns in the state, and that they are in the counties to which they belong by law.

The main point relied upon, however, is, that it is alleged no felony was in fact committed or proved. This question we are not at liberty to discuss. The *Revised Statutes, vol.* 2, *p.* 718, § 44, declare that no certiorari shall be allowed to remove proceedings from a court of special sessions, where there has been a trial by jury, upon the ground that the verdict of the jury was against evidence. If the certiorari cannot be allowed on that ground, the legislature surely intend-

ed to exclude the testimony upon which the verdict was found from the consideration of this court. We can only examine the *record,* technically so called ; and if the justices have returned matters which do not belong to the *record,* such return does not give us jurisdiction of such matters.

In the record there is no error, and the proceedings and judgment of the court of special sessions must be affirmed.