Nov. Term,
1854.

Cory
v.
Silcox.

---

## Cory *v.* Silcox.

An affidavit, under the R. S. 1843, to procure a change of venue, in a civil suit, on account of local prejudices, was not required to specify the cause of such prejudices.

The time to be occupied in the argument of a cause, must necessarily be left to the sound discretion of the Court trying the cause, and unless that discretion is grossly abused, the Supreme Court will not interfere.

Where evidence has been excluded by the Court trying a cause, it will be presumed that it was done correctly, where the contrary does not appear.

A verdict is not vitiated by being returned and received on *Sunday*. Case by *A.* against *B.* for erecting a mill-dam below the plaintiff's mills, on *Blue* river, whereby the water was backed upon his machinery, &c. The trial was while the R. S. 1843 were in force. *A.* having introduced one *C.* as a witness, *B.*, to show *C.'s* interest in the suit, proposed to ask him if he had not a joint interest with *A.* in the mill, at the time the declaration alleged the injury to have happened; but the Court refused to let the question be asked.

*Held*, that the question should have been allowed.

*Held*, also, that s. 238, p. 80, and s. 243, p. 83, 2 R. S. 1852, which would now make *C.* a competent witness, do not cure the error.

Nov. Term, 1854.

CORY
v.
SILCOX.

APPEAL from the *Johnson* Circuit Court.

HOVEY, J.—*Silcox* brought an action on the case against *Cory* in the *Shelby* Circuit Court, for erecting a dam on *Blue* river, below his mills, whereby the water was backed upon his machinery, &c. *Cory* pleaded the general issue. The case was tried at the *August* term, 1849, but the jury being unable to agree, were discharged. At the *February* term, 1850, *Silcox*, upon affidavit, moved the Court for a change of venue, which was granted, and the cause was transferred to the *Johnson* Circuit Court. At the succeeding term of that Court, *Cory* moved to remand the cause to the *Shelby* Circuit Court, but the motion was overruled, and the cause was tried by a jury. Verdict in favor of *Silcox* for 35 dollars. Motions for a new trial and in arrest overruled, and judgment on the verdict. *Cory* appealed from the judgment to this Court.

The record contains seven bills of exceptions, each of which, it is contended, contains an error committed by the Courts below.

The first relates to the change of venue and the second to the refusal of the *Johnson* Circuit Court to remand the case back to the *Shelby* Circuit Court. The question raised by these exceptions is the same, and depends entirely upon the granting of the change of venue. If the change was illegal, there is error in the first exception, and the *Johnson* Circuit Court should have remanded the cause; but if the change of venue was made in compliance with the statute, the *Johnson* Circuit Court could not have sent the case back.

*Wednesday,*
*November* 29.

Section 1, R. S. 1843, p. 949, makes provision for changing the venue in civil suits, whenever a party shall conceive that he will not receive a fair trial in the Circuit Court where such suit is pending; and among several other specified causes is, "because of the undue influence of his adversary, or of the odium which attends the party or attaches to his legal cause of action or defence, or on account of local prejudices." The second section requires that the cause should be distinctly set forth in a petition, why such belief is entertained, and be supported by affidavit, &c.

The cause set forth in the petition in the record, is, "on account of local prejudices;" but the counsel for the appellants contend that "this is not sufficient, as it does not state the cause or causes why such prejudices are entertained." We think this position is requiring too much. To give the causes of such prejudices might require the history of the applicant's life, and the statement of matters wholly foreign to the cause. It is enough for a party to believe that he can not have a fair trial, on account of the prejudices of those who try him; that is a cause within the meaning of the second section, and to require the applicant to state why such prejudices exist, would be requiring the cause of a cause.

The Court, on the trial, limited counsel to three hours' argument on each side. *Cory* complains of this, and says, "if the Court can say, 'you may speak three hours and no longer,' it can say 'three minutes,' and if that, the Court can refuse the party a hearing altogether." By the same kind of logic, counsel would be entitled to be heard indefinitely, and thus speak longer than the term of the Court might continue. The only issues were, whether *Cory's* dam backed water on *Silcox's* machinery, and the damages arising from such obstruction. It seems to us, that on questions apparently so barren of argument—mere questions of fact—counsel would be fully enabled to present every argument within the three hours allowed by the Court. But whether this be so or not, matters of this kind must necessarily be left to the sound discretion of the Court trying the cause; and unless that discretion is

grossly abused, we will not interfere. *Priddy* v *Dodd*, 4 Ind. R. 84.

Several instructions were given by the Court, which are complained of; but as the record does not sufficiently disclose the evidence upon which they were given, we are not prepared to say whether they are erroneous or not.

The Court, during the trial, refused to allow *Cory* to prove that one *Louis Group*, who had possession of *Silcox's* mills, and held them on shares for a term of years, gave him permission (on a certain day not specified) to put lash-boards on his, *Cory's*, dam, merely for the purpose of testing whether that dam backed water on *Silcox's* mills. The whole of the evidence not being in the record, and no time fixed when the experiment was made, we can not say whether the Court committed an error or not; but we presume, the contrary not being shown, that this testimony was correctly excluded.

The verdict of the jury was returned and received by the Court on *Sunday.* We will not elaborate this point. Much useless learning has recently been displayed upon it by able jurists, and some variety of opinion has been the result. While we admit that many cases are to be found in the books deciding that no judicial act can be done on *Sunday*, and that verdicts returned on that day are void, we are not satisfied that we would be subserving morality, religion, justice, or the spirit of the common law, by following their example as to verdicts. The reason of the rule, making *Sunday dies non juridicus*, was founded in those principles of religion which require a strict observance of that day, and surely that which tends to its non-observance can not be regarded as being within the reason of the rule.

We apprehend that jurors, worn out by the laborious investigation of a lengthy case, and unnecessarily pent up together from twelve to twenty-four hours, would be little inclined, while in that condition, to observe the *Sabbath* as they should. We can easily conceive of places where their minds would be far more religiously inclined.

In the following cases the Courts sustained verdicts returned on *Sunday*: *Hiller* v. *English*, 4 Strobhart (*South*

*Carolina*) R. 586, *Hoghtaling* v. *Osborn*, 15 Johns. R. 119, *Baxter* v. *The People*, 3 Gilman 385.    See, also, *Bedoe* v. *Alpe*, Sir W. Jones R. 156, and *Butler* v. *Kelsey*, 15 Johns. R. 177.

On the trial below, *Silcox* introduced *Alexander Brandenburgh* as a witness.    *Cory*, for the purpose of showing his interest in the suit, proposed to ask him if he had not a joint interest with *Silcox* in the mill in controversy, and the profits arising therefrom, from *September*, 1849, until *September*, 1852, but the Court refused to permit the witness to answer, on the ground that the answer to the question would not show an interest in the result of this suit.

We think the Court erred in not permitting this question to be asked, as it covered the time specified in the declaration.    Any damages recovered by *Silcox* for stopping his mill, during the time the witness was entitled to part of the profits, would inure to his benefit.    See 1 Starkie's Ev. 109, and note *a*.    The judgment that *Silcox* might obtain, could also be used in evidence in any subsequent suit for damages by *Brandenburgh* and *Silcox* against *Cory*, and he would thus be permitted to make evidence for himself.    1 Greenleaf's Ev. s. 536.—*Blakemore* v. *Glamorganshire Canal Co.*, 2 C., M. & R. 133.— Angell on Water Courses, s. 439.

The effect of section 238, p. 80, and section 243, p. 83, 2 R. S., would now make *Brandenburgh* a competent witness, and his interest could only be shown to affect his credibility.    But these sections do not cure the error.    The case was tried before the R. S. 1852 took effect, and the jury might now regard his testimony in a very different light from what they did, if told that his interest might be considered in weighing his credibility.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Morrison*, *S. Major*, and *W. J. Peaslee*, for the appellant.

*T. D. Walpole*, *H. O'Neal*, and *M. M. Ray*, for the appellee.