Nov. Term,
1857.

ROSSER
v.
McCOLLY.

———————

ROSSER *v.* McCOLLY.

| 9 | 587 |
| 159 | 363 |

If in the progress of a trial it becomes obvious that a party in the examination
of his witnesses, or in argument, is consuming time unnecessarily, the Court
may, in its discretion, arrest the examination or argument; and the exercise
of this discretion will be sustained, unless an abuse of it is affirmatively
shown.

In this case, the jury, at twelve o'clock on *Saturday* night (*Saturday* being the
last day of the term), reported to the Court that they could not agree. The
plaintiff then asked the Court to instruct them whether a verdict on *Sunday*,
after the expiration of the term, would be valid; and whether they were
bound longer to deliberate. The Court refused any instruction—merely
saying to the jury that they were sworn and had better do their duty, and
directing them to retire. *Held*, that there was no error.

A verdict may be returned and received on *Sunday*; but the judge cannot re-
ceive it at his house, or elsewhere, out of Court.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—This was an action by *Rosser* against *Mc-Colly*, the sheriff of *Delaware* county, to recover a quan-
tity of store goods.

*Monday,*
*December 1,*
1856.

Proper issues being made, the case was submitted to a
jury, who found for the defendant. Motions for a new
trial, and in arrest were overruled, and judgment given on
the verdict.

The record contains a bill of exceptions which shows
that the plaintiff, in giving his rebutting evidence, having
examined sixteen witnesses, was ordered by the Court to
close it. Further, he proposed to argue the cause to the
jury, and was about to proceed, when the defendant sug-

NOTE.—The opinion in this case was delivered *December* 1, 1856. A peti-
tion for rehearing was filed *January* 7, 1857, which was overruled *January* 16,
1858. It has been held back so long that it is thought better to publish it
here, than to postpone it to its proper place in the next volume.

gested that he would not argue it, whereupon the Court advised the plaintiff that he would be restricted in his argument to ninety minutes, which was accordingly done. These rulings are assigned for error.

Where, in the progress of a trial, it becomes obvious that a party, in the examination of his witnesses, or in the argument of his case, is consuming time unnecessarily, and not in the advancement of justice, it is clearly within the discretionary power of the Court to interpose and arrest such needless operations. And the exercise of this power will be sustained, unless an abuse of it is affirmatively shown. *Priddy* v. *Dodd*, 4 Ind. R. 84 (1). Here, the Court ordered the plaintiff to close his rebutting testimony. It is not, however, shown that he had other evidence which he desired to produce. The order does not, therefore, appear to have prejudiced his case. It was competent for the plaintiff to have placed on the record the grounds of his objection to the action of the Court. And having failed to do so, we must intend the rulings of the Court to be correct.

The bill of exceptions further shows that the jury, having retired to deliberate on a verdict, and having been absent a short time, returned into Court with a statement that they could not agree, and asked to be discharged, it being then after twelve o'clock of the night of *Saturday* of the last week of the term; whereupon the plaintiff moved the Court to instruct the jury whether a finding on *Sabbath* morning, after the expiration of the term, would be valid, and whether they were bound to remain longer in their room to deliberate. The record states that the Court refused to give them any instructions on the subject, but told the jury that they had been sworn, and had better do their duty, and, upon a suggestion from the defendant, directed them to retire. And on *Sabbath* morning, about seven o'clock, the jury returned to the judge at his house (the Court not having adjourned), the verdict which was subsequently placed on the record.

We have decided that a verdict may be returned and received on *Sunday*. 5 Ind. R. 371. It seems to follow

that the Court, by refusing to instruct, as moved by the
plaintiff, committed no error.   There is, however, one ob-
jection raised to the verdict, which seems to be available.
We know of no rule of practice that would authorize the
judge to receive the verdict at his private residence.   The
code provides that, "when the jury have agreed upon their
verdict, it must be reduced to writing and signed by the
foreman; and when returned into Court, the foreman shall
deliver the verdict, and either party may poll the jury."
2 R. S. p. 114.   This provision evidently contemplates a
return of the verdict publicly into Court, where the law
supposes the parties to be present, and ready to avail them-
selves of their respective rights to poll the jury.   More-
over, to allow the judge, without the assent of the parties,
to receive the verdict at his own house, or otherwise out
of Court, would not, in our opinion, be consistent with a
proper administration of justice.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*J. S. Buckles*, for the appellant.

*W. March*, for the appellee.

(1) See *Lynch* v. *The State, ante*, 541.