Martin v. Martin.

ELEANOR MARTIN versus ROBERT MARTIN.

Courts of law recognize the territorial divisions of the State into counties and towns.

It is no ground for demurrer, that in a writ of entry it is not alleged that the land demanded is *in the county* in which the action is brought; it is sufficient if it is described as being in a town which is within the county.

EXCEPTIONS from the ruling at *Nisi Prius* of GOODE-NOW, J.

*Record & Luce*, in support of the exceptions.

*Fessenden & Frye, contra.*

The opinion of the Court was drawn up by

APPLETON, C. J. — This is a writ of entry to which a special demurrer was filed. The land to recover which this action was brought is described in the declaration by metes and bounds, and as "situated in the town of Danville." After the demurrer was filed, the demandant asked for leave to amend by inserting after the word "Danville," the words "in the county of Androscoggin and State of Maine," which amendment was allowed.

A real action will abate unless brought in the county where the land lies. "If brought in a Court in any other county, the writ would be abated; but in our practice there is no occasion for a plea to the jurisdiction in such a case. The count, which is always inserted in the writ, describes the land with as much precision and certainty *as would be required in a deed for the conveyance of the same land;* it must therefore always appear on inspection whether the action is brought in the proper Court, and if not, the writ will be abated of course." Jackson on Real Actions, 57.

Courts of law are bound to recognize the territorial divisions of the State into counties and towns. In criminal cases it is sufficient to state an offence to have been committed in the town of S, without adding the county in which

the same is situate, to give the Court jurisdiction; the Courts take judicial cognizance of the towns created by law. *Vanderwerker* v. *The People*, 5 Wend., 530; *Goodwin* v. *Appleton*, 22 Maine, 453; *Ham* v. *Ham*, 39 Maine, 263; *State* v. *Jackson*, 39 Maine, 291.

The limits of Danville appear by its Act of incorporation. By the Act establishing the county of Androscoggin, Danville is within its territorial limits. If the town is within the county, so are all the different portions of land of which it is composed. The demurrer admits the land in controversy to be "situated in the town of Danville." Being in that town, it necessarily is within the county of Androscoggin.

It follows that the amendment was unnecessary, the declaration sufficiently disclosing the locality of the demanded premises. The rights of either party cannot be affected by an immaterial amendment.

*Exceptions overruled.*

*Declaration adjudged good.*

RICE, DAVIS, KENT and DICKERSON, JJ., concurred.