JOSEPH C. STONE, *Sheriff*, &c., v. ALBERT BIRD.

1. PRACTICE; *Evidence; Striking out Improper Answer.* Where a proper question is asked, and an improper answer is given to it, the only way to get rid of the answer is by motion to strike it out. Simply excepting to its being received, raises no question for the court to act upon.

2. DECLARATIONS OF PARTY; *Res Gestæ.* While as a general rule the declarations of a party are not competent evidence in his own behalf, yet an exception to this rule exists where the declarations accompany some principal fact which they serve to qualify or explain, and are thus said to be a part of the *res gestæ*.

3. ———— Where the question in issue was the ownership of a horse, and the record shows that several witnesses testified in behalf of the plaintiff as to his statements and declarations concerning the animal, and his claims of ownership therein, and this testimony is given in the narrative form, omitting all questions asked, and no objection

appears to any specific sentence or paragraph, but at the close of the testimony of plaintiff is found the general statement that the defendant objected at the time they were offered, to all testimony of the declarations of the plaintiff in his own behalf—and where it appears highly probable that much if not all of this testimony must have been given in response to questions entirely proper and legitimate, and that no motion was made to strike it out, and that some of it was clearly proper as coming within the exception to the general rule concerning hearsay testimony, and where it does not clearly appear that any testimony improper as hearsay was admitted upon a direct ruling that it was proper and legal testimony, this court will not reverse the judgment on the ground of error in the testimony, although certain clauses and sentences, standing by themselves, appear to be merely hearsay testimony.

4. REPLEVIN; *Demand and Refusal; Wrongful Detention.* Where an officer under process against the property of B. seizes the property belonging to A., and at the time of the seizure is notified by A. that it is his property, and forbidden to take it, *held,* that A. can maintain replevin against the officer for the property, without any other or further demand.

5. VERDICT, *Returned on Sunday.* Where a trial is completed by the introduction of testimony, the arguments of counsel, and the charge of the court, and the case has passed to the jury for consideration before midnight of Saturday, the fact that they do not finally arrive at and return their verdict until some time in the early hours of Sunday morning, does not vitiate the entire proceedings, and compel a retrial.

*Error from Montgomery District Court.*

ONE Seth B. Doane commenced an action in the district court of Montgomery county against one Richard Bird, and obtained therein an order of attachment, which *Stone*, as sheriff, levied upon a stallion and a filly, as the property of said R. B., and took them into his possession. Thereupon, *Albert Bird*, as plaintiff, brought replevin against *Stone* to recover possession of said stallion, claiming ownership and right of possession in himself. Trial at the December Term 1874. Verdict and judgment for plaintiff, and defendant *Stone* brings the case here on error.

*Turner & Ralstin*, for plaintiff in error.

*Nathan Cree*, for defendant in error.

32—16 KAS.

The opinion of the court was delivered by

BREWER, J.: The question in this case is, whether at the time of the seizure the property in controversy belonged to Richard Bird, or to the plaintiff, Albert Bird. Said Richard and Albert were father and son, the latter being at the time of the attachment, 22 years of age. Up to that time they had lived together, and upon the father's farm. The horse was a stallion of some speed, and had been driven in a race or two, the father handling and training him. Albert claimed to have bought the animal when a colt from his father, and given him two calves in exchange. Several witnesses were permitted to testify in behalf of the plaintiff, that prior to the seizure he claimed the horse as his, stated that he owned him, and what he intended to do with him; and the admission of this testimony is alleged as error. We quote the testimony of one witness, Robert Bates, which perhaps is as open to criticism as any:

1. Evidence; striking out improper answer.

"I am acquainted with the parties herein, and the horse and filly. They belong to Albert Bird. He has owned them always, so he told me. Don't know only what Albert Bird told me. Have known Albert Bird a little less than two years. He told me several times within the last year that he owned the horse, and a year ago last August he showed me the horse, and said the horse was his—said he always owned him; he said he considered the horse valuable."

At the close of the entire testimony on behalf the plaintiff, appears the statement, that "All the foregoing testimony of plaintiff's witnesses, proving or tending to prove the statements of plaintiff on his own behalf, were objected to at the time they were offered," etc. The questions propounded to these various witnesses are not preserved; and there is nothing in the record, other than as quoted, tending to show in what manner the question was presented to the court for its decision, or upon what its ruling was made. Now in support of the ruling of the court, it may be said that if a proper question is asked, and an improper answer given to it, the only way to get rid of that answer is by motion to strike it

out.   Simply objecting to its being received, raises no question for the court to act upon. (*Hynes v. Jungren*, 8 Kas. 391.) Thus, supposing in the case before us the question had been asked the witness, "To whom do these animals belong?" No objection to it could have been sustained. It would have been a perfectly legitimate and proper question. If to that the witness had answered, as we find in the record, that "They belong to Albert Bird; he has owned them always, so he told me; don't know only what Albert Bird told me"— merely objecting to the *answer*, would have raised no question for the court to act upon, even though a part of the answer was conceded to be improper.   The only way to have brought the matter properly before the court for decision, would have been by a motion to strike out the improper part.   And that much of the testimony objected to must have come in, in this way, seems probable.   Indeed, it seems wholly improbable that questions could have run, not merely to every sentence in the testimony, but also to every clause in each sentence.   And the first clause in each sentence of the testimony quoted, and very generally through the entire testimony, seems to be not only perfectly competent and proper testimony, but naturally responsive to a perfectly legitimate and proper question. Again, it may be remarked, that while as a general rule the

2. Res gestæ; declarations of party. declarations of a party are not admissible in his own behalf, yet an exception to the rule exists where the declarations accompany some principal fact which they serve to qualify or explain, and are thus said to be a part of the *res gestæ*.   And the exception has been held to cover cases where the possession of personal property has been a principal fact in the case. *Oden v. Stubblefield*, 4 Ala. 42; *Thompson v. Mewhinney*, 17 Ala. 366; *Nelson v. Iverson*, 24 Ala. 9; *Upson v. Rasford*, 29 Ala. 188; *Overseers, &c., v. Overseers, &c.*, 2 Caine, 106; *Willis v. Farley*, 3 Car. & Payne, 395; *Yarbrough v. Arnold*, 20 Ark. 592; 1 Phillips on Ev. (C. H. & Edw. Notes,) p. 188, and note.   In this very case a considerable portion of the testimony of the defendants consisted of the statements and declarations of Richard Bird

made while in possession of the horse, and tending to show a claim of ownership by him. A common application of this exception is in the case of a party charged with larceny, where recent possession of the stolen property is a principal fact in the evidence of the state. The defendant may offer in his own behalf proof of the statements he made while holding that possession, in explanation and qualification of it. It may be that some of the testimony objected to in this case, may be upheld as coming within the terms of this exception. We do not decide that either this exception, or the proposition we first suggested, make it perfectly clear that no error was committed in the admission of testimony. It may be that some of the testimony was nothing more than the mere declarations of plaintiff, disconnected from the actual possession of the horse, and in no way qualifying or explaining any act of his in connection with the animal. And it may be that such testimony was admitted over objection in response to a question as improper as the answer; or that in some other way a direct ruling of the court was obtained in such a manner as to preserve the error. But we are in so much doubt upon these matters, that we are constrained to hold that no error is apparent. The party who alleges error must make it clear that there was error, otherwise the presumptions in favor of the rulings of the district court will compel an affirmance.

A second proposition of counsel is, that the verdict was against the evidence. This claim cannot be sustained. The only positive and direct testimony as to the ownership, was from Albert and Richard Bird, and both testified that the animal belonged to the plaintiff. It is true, this testimony was very much shaken by the other evidence in the case; but still upon the whole case a fair question of fact was presented to the jury, and their decision thereon is conclusive.

Again, it is claimed that no demand was alleged in the petition, and none proved on the trial. The petition was in the ordinary form in replevin, alleged in general terms that plaintiff was the owner and entitled to the possession, and

4. Replevin; demand and refusal.	that the defendant wrongfully detained the property. It did not attempt to specify how the defendant obtained possession, or under what claim he held it. Under those circumstances it was unnecessary to specify what particular fact, whether demand, or other matter there was, that made the detention wrongful. The testimony of plaintiff was, that when the officer came with the writ against Richard Bird and took the horse, it was in his (plaintiff's) possession, and that he told the officer it was his, and forbade him to take it. The officer denied this. Upon this the court charged that a demand was necessary, unless at the time of the seizure the officer was notified that the property belonged to the plaintiff, and not to defendant in the attachment. Of this we think the plaintiff in error has no cause of complaint. A writ against A. gives the officer no authority to take the property of B. And if the officer takes the property of B., and is notified at the time that it is the property of B., the taking is unlawful, and the subsequent detention wrongful. The circumstances under which demand is necessary have been recently considered by this court in the case of *Shoemaker v. Simpson*, ante, p. 43, and it is unnecessary to enlarge upon the matter here.

A final objection, is, that the verdict was returned on Sunday. The journal entries show that the proceedings were had upon Saturday and Monday; but an affidavit of one of the attorneys of the defendant was filed on the motion for a new trial, alleging "that the verdict of the jury in the above-entitled case was arrived at by the jury and returned into open court on Sunday, the 20th day of December 1874, between the hours of 12 o'clock midnight and 10 o'clock A.M., and about 20 to 30 minutes past midnight." There is nothing other than this affidavit tending to show that any proceedings were had on Sunday, or that all proceedings were not, as appears by the journal entries, on Saturday and Monday. Though we were to concede that this affidavit must be taken, even against the journals, as conclusive evidence of the facts therein stated, still we should

be constrained to sustain the verdict. The question is not one of morals, or propriety, but one of strict law. Does the fact that the jury, at the close of a trial had during the hours of Saturday, fail, after retiring to consider of their verdict, to agree before midnight, do not actually arrive at and return their verdict until the close of the half-hour thereafter, vitiate the entire proceedings, and compel a new trial? The question as to how far judicial proceedings are vitiated by being had on Sunday has been frequently before the courts. In *Bass v. Irvin*, 49 Geo. 436, a verdict *received* on Sunday was declared a nullity. In *Arthur v. Mosby*, evidence was received, the case submitted to the jury, verdict returned, and judgment rendered on Sunday, and the proceedings were set aside and a new trial ordered. In *Davis v. Fish*, 1 G. Greene, (Iowa) 410, the charge was given to the jury, the verdict returned, and judgment entered on Sunday, and they were held erroneous. In *Shaw v. McCombs*, 2 Bay, 232, a verdict received on Sunday was set aside, but in the subsequent case of *Heller v. English*, 4 Strobhart, (S. C.) 486, the court, in an elaborate opinion, after saying that the opinion in 2 Bay was incorrectly reported, sustained a verdict agreed upon and returned into court after midnight of Saturday, and before morning of Sunday. In *Huidekoper v. Cotton*, 3 Watts, 56, a verdict returned at 5 o'clock Sunday morning was held good. In the following cases verdicts returned on Sunday were held good: *Commonwealth v. Marrow*, 3 Brewster, 402; *Cory v. Silcox*, 5 Ind. 370; *Rosser v. McColby*, 9 Ind. 587; *McCorkle v. The State*, 14 Ind. 39; *Houghtailing v. Osborn*, 15 Johns. 119; *Baxter v. The People*, 3 Gilman, 385; *Webber v. Merrill*, 34 N. H. 202. In *True v. Plumley*, 36 Me. 466, a verdict agreed on and sealed up on Sunday was held good. The great weight of authority goes to this extent, (and it is sufficient to sustain the proceedings in this case,) that where the trial is completed by the introduction of testimony, the arguments of counsel, and the charge of the court, and the case has passed to the jury for consideration before midnight of Saturday, the fact that they do not finally

arrive at and return their verdict until some time in the early hours of Sunday morning, does not vitiate the entire proceedings and compel a retrial.

There being no other question in the case, the judgment will be affirmed.

All the Justices concurring.