1  215'
32  134

## W. H. SHEARMAN *v.* THE STATE.

1. JUDGMENT.—Sunday not being a judicial day, judgments cannot be entered of record on that day. If entered of record on Sunday, they are not merely erroneous, but absolutely void.

2. CRIMINAL PROCEDURE.—Article 685 of the Code of Criminal Procedure (Pasc. Dig., Art. 3150) contains the only positive provisions of our legislation relative to judicial proceedings on Sunday in criminal causes.

3. SAME—VERDICT.—It seems, however, that a verdict of a jury may be received and entered of record on Sunday.

4. MURDER—EVIDENCE.—To prove malice in a trial for murder, the district attorney was allowed to introduce a justice's record of the trial and

acquittal of accused for maliciously killing deceased's dog, and then to prove that the accused, though thus acquitted, did maliciously kill the dog. This is held to be error.

Appeal from the Criminal Court of the city of Paris, county of Lamar. Tried below before the Hon. James Q. Chenowith.

The opinion of the court states all the material facts.

No brief for the appellant has reached the hands of the reporters.

*A. J. Peeler*, Assistant Attorney General, for the State.

White, J. We propose to examine but two of the several questions raised upon the record in this case.

1. Appellant was indicted for the murder of one William B. Barnett. A trial was had and the case submitted to the jury, under the charge of the court, on Saturday, the 9th day of October, 1875. On Sunday morning, October 10, 1875, at nine o'clock, the court received the verdict of the jury and entered up a judgment in accordance therewith, the verdict finding the defendant guilty of murder in the first degree, and assessing his punishment at hard labor in the state penitentiary for life.

This action of the court in receiving the verdict and rendering the judgment on Sunday is presented as ground of error by defendant, both in his motion in arrest of judgment and in his assignment of errors.

The act to punish certain offenses committed on Sunday (2 Pasc. Dig., Arts. 6501 to 6505) seems to have no reference or application to proceedings in courts. In our act concerning proceedings in district courts in civil cases it is provided that "no civil suit shall be instituted, nor shall any process be had, on Sunday, except in cases of attachment or sequestration." Pasc. Dig., Art. 1424.

The only positive provision found in our Code of Procedure, relative to the action of courts on Sunday in criminal cases, is to be found in Article 3150, Paschal's Digest, and it reads as follows: "If, at the time a verdict is returned into court, there be less than six hours remaining before the court must by law adjourn, it shall be lawful, and shall be the duty of the district judge, to sit during the whole of Saturday night and Sunday for the purpose of enabling the defendant to move for a new trial, or in arrest of judgment, and prepare his cause for the supreme court."

It will be seen, from the language used in this latter Article, that the legislature felt called upon to render "lawful" by express provisions the action of the court, even in such extreme cases of emergency.

The act organizing the criminal court for the counties of Lamar, Red River, and Fannin fixes the time for holding the court at Paris, in Lamar county, to commence on the first Mondays in February, June, and October, and to continue in session for four weeks.    Gen. Laws, second session, fourteenth legislature, p. 20, sec. 5.

Now, it will be seen that, in the case we are considering, the Sunday upon which the proceedings complained of were had was in the very midst of the regular term of court, and not the Sunday immediately following or succeeding the expiration of the regular term.

Neither of the statutes above quoted—and we believe they are all the law enacted in this state bearing directly upon the subject—tend to throw any light upon the question before us.    We turn, therefore, to the common law, because our statute further provides that, "whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, and is, therefore, defective, the rules of the common law shall be applied and govern."    Pasc. Dig., Art. 2493.

The subject is thoroughly and ably discussed in *Baxter* v.

*The People*, 3 Ill. (Gilm.) 384, 385, 386. We take the·
liberty of quoting fully from the opinion of Caton, J., deliv--
ered in that case. He says : "Had the court the right to
receive the verdict and pronounce judgment on Sunday?'
That courts have no right to pronounce a judgment, or do·
any other act strictly judicial, on Sunday, unless expressly
authorized by statute, seems to be too well settled to admit.
of doubt, by the decisions in England and in this country.
The leading case on this subject is that of *Swann* v. *Brown,.*
3 Burr. 1595, where it was held by the court of King's·
Bench that the court could not sit on Sunday and give a.
valid judgment, it not being a judicial day. It appears·
that anciently, among Christians, courts did sit on Sunday,
but by a canon of the church made in the year 517 this·
was prohibited, and that rule seems to have been adopted
into the common law, and may be considered well settled.
But this prohibition seems to be confined to the entering of
judgments of record, and other like judicial acts, for we
learn from the opinion of Lord Mansfield in the same case·
that it was assigned for error in the exchequer that the·
information (for engrossing butter and cheese contrary to·
the statute) was exhibited to the court on the 13th day of
October, which in the year (20 Jac. 1) was on Sunday, and,
therefore, not ' *dies juridicus.*' The question seems to·
have been frequently before the English courts and the courts·
of most of the states of the Union, and the decisions are·
very uniform that a judgment cannot be entered of record
on Sunday. 3 Thomas' Coke, 354 ; 2 Bl. Com. 277 ;.
*Mackelday's case*, 5 Coke, 66 ; *Pearce* v. *Atwood*, 13
Mass. 324 ; *Chapman* v. *The State*, 5 Blackf. (Ind.) 111 ;.
*Nabors* v. *The State;* 6 Ala. 200 ; 4 N. H. 158 ; *Authur* v.
*Mosby*, 2 Bibb, 589 ; *Story* v. *Eliott*, 8 Cow. 27 ; 1 Wend.
57." To these authorities we may add *Colman* v. *Hender-·
son*, Litt. (Ky.) Sel. Cas. 171 ; *Vanderwerker* v. *The Peo-
ple*, 5 Wend. 530 ; *Harper* v. *The State*, 43 Texas, 431.

These cases all show that a judgment entered of record on Sunday is not only erroneous, but is absolutely void.

But although the law seems to be well settled that a judgment cannot be entered of record on Sunday, yet I think it equally well settled that a verdict of a jury may be entered of record on Sunday. See following authorities : *Heidkoper* v. *Cotton*, 3 Mass. 56; *Hoghtaling* v. *Osborn*, 15 Johns. 118; *Heller* v. *English*, 4 Strobh. (S. C.) 586; *True* v. *Phinley*, 36 Me. 466.

The verdict of the jury may be returned and received on Sunday. *Cory* v. *Silcox*, 5 Ind. 370; *Rosser* v. *McColly*, 9 Ind. 587; *McCorkle* v. *The State*, 14 Ind. 39; *Joy* v. *The State*, 14 Ind. 139; *Webber* v. *Merrill*, 34 N. H. 202; *Roberts* v. *Bower*, 5 Hunt (N. Y.), 558.

We fully concur in the conclusion arrived at by the learned judge in *Baxter* v. *The People*, expressed in these words : " We think the authorities clearly establish that, when a cause is submitted to the jury before twelve o'clock Saturday night, the verdict of the jury may be received on Sunday; but that it is not a judicial day for the purpose of rendering any judgment, and if it attempt to render a judgment, still in law it would be no judgment, but absolutely void, and will be so declared, and may be reversed by this court. Not that such reversal will take from it any force or vitality, for it never had any, not having been rendered by a court having authority to render any judgment whatever at this time." Ib. 386.

2d. The court erred, as is shown by the bill of exceptions, in permitting the district attorney, after he had introduced the record of the justice of the peace on the trial of defendant for killing the deceased's dog maliciously, afterwards to introduce evidence to falsify said record, by showing that, though defendant was acquitted, he did in fact kill the dog. We think this was error, and we are not prepared to say how far the evidence influenced the action of the jury

:in determining the question of express malice as shown by antecedent grudges.

For these two errors the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*