JONES, ADMINISTRATOR, *v.* JOHNSON.

BILL OF EXCEPTIONS.— *Practice.* — *Statement of Facts by Judge.* — *Affidavit.*— It is the duty of the judge who has presided at the trial of a cause, in signing a bill of exceptions, to see that the same embodies a full and fair statement of all the circumstances connected with any action taken by him on the trial, which is complained of as error, and his own actions, being peculiarly within his own knowledge, need not be presented or made known to him by affidavit.

SAME.—*Motion for New Trial.*—A motion for a new trial, for any of the causes set out in the first specification of section 352 of the practice act, need not be supported by affidavit.

SAME.—*Disagreement of Jury.*—The provisions of section 331 of the practice act, in relation to the duty of the court where a jury disagrees, are mandatory, and not merely directory.

SAME.—*Further Instructions to Disagreeing Jury.*—A court has no right, dur-

ing the absence and without the knowledge of the parties or their attorneys, to enter the jury room and instruct the jury as to any matter of law or fact upon which they disagree.

SAME.—*Receiving Verdict, or Instructing Jury, on Sunday.*—A verdict may be received, and a court may instruct a jury which has disagreed, on Sunday.

From the Montgomery Circuit Court.

*M. Jones, J. L. Miller, G. O. Behm, J. Park, A. O. Behm* and *J. R. Coffroth*, for appellant.

*R. P. Davidson, J. C. Davidson, L. McClurg* and *J. V. Kent*, for appellee.

Howk, J.—This action was commenced by the appellant, as plaintiff, against the appellee, as defendant, in the Clinton Circuit Court.

The venue of the action was properly changed, first to the Boone Circuit Court, and afterward to the court below.

As originally filed, the appellant's complaint contained two paragraphs; but, during the trial of the cause, the appellant withdrew and dismissed his action as to the first paragraph of his complaint, leaving for trial the issues joined in the second paragraph.

We give the substance of the second paragraph of the complaint, as necessary to a proper understanding of the case:

The appellant alleged therein, in substance, that, on the 6th day of January, 1873, one William A. Fowler died intestate, at Tippecanoe county, Indiana, and that, on the 4th day of October, 1873, the appellant was duly appointed and qualified as administrator *de bonis non* of said decedent's estate; that the personal estate of said decedent, except the claim sued for in this action, did not exceed the sum of five hundred dollars, and that the debts against said estate exceeded the sum of six thousand five hundred dollars, showing an indebtedness against said estate, in excess of the personal estate, except as aforesaid, of at least the sum of six thousand

dollars, which had not been paid or settled by the former administrator; that, on the 5th day of April, 1871, the appellee executed a mortgage conveying to said decedent the tract of land therein described, as security for the payment of a debt evidenced by five notes of even date with said mortgage, and executed by the appellee to said decedent, amounting to five thousand four hundred and ten dollars, and payable, without interest, as follows: one for one thousand five hundred dollars, on the 1st day of March, 1874, and the other four, each for nine hundred and seventy-seven dollars and fifty cents, on the 1st day of March, in the years 1875, 1876, 1877 and 1878, respectively; that the appellant could not file, with his complaint, copies of the said notes, because they were either in the appellee's possession, or had been destroyed by him or with his knowledge and consent, and without the appellant's knowledge and consent; and that all of said notes remained unpaid.

A copy of said mortgage was filed with and made part of said complaint.

The appellant further averred, that, on the 13th day of July, 1872, the said decedent was indebted to divers persons, in various sums, to the amount of six thousand dollars, all of which still remained unpaid, and constituted the existing indebtedness of said estate; that, on said last named day, the said decedent having become weak and feeble, both mentally and physically, and being under the influence and control of the appellee, who was his son-in-law, he, the said decedent, confederating and conspiring with the appellee to cheat, hinder, delay and defraud the said creditors of said decedent, at the instance and by the procurement of the appellee, without any consideration whatever, cancelled and discharged the said mortgage and said notes, and delivered the same to the appellee, without the payment at any time of the said debt, or any part thereof by the appellee to said decedent or to any other competent person, and he, the ap-

pellee, having then and there full knowledge of the said fraudulent intent and purpose of the decedent; and that said decedent died seized of no other property, real or personal, out of which the said debts against his estate could be paid. Wherefore the appellant demanded judgment for seven thousand dollars, and for the foreclosure of said mortgage and the sale of the property, etc.

To this paragraph of the complaint, the appellee answered in two paragraphs, as follows:

1. A general denial; and,

2. Payment in full before the commencement of the action.

The appellant replied by a general denial to the second paragraph of the answer.

The issues thus joined were tried by a jury in the court below, and a verdict was returned for the appellee.

The appellant's motion for a new trial was overruled, and to this decision he excepted. And judgment was then rendered on the verdict.

The only error assigned by the appellant in this court is the decision of the court below, in overruling his motion for a new trial.

Among the causes for a new trial assigned by the appellant in his motion therefor was the following:

"4th. Irregularity of the court, in this, to wit: Because, after the court had charged the jury, on Saturday, the 6th day of May, 1876, they retired to deliberate on their verdict, and having deliberated thereon until the next day, the same being Sunday, and not having yet agreed upon their verdict, the honorable the judge of this court went to the jury room, and while the jury were all present and so deliberating on their verdict, and orally charged the jury as to their duty in the case, and also as to the law of the case, and all this in the absence and without the knowledge or consent of the plaintiff."

It appears from the bill of exceptions, which is properly in the record, that, " on the trial of the above enti-

tled cause, the jury were instructed by the court on Saturday, and sent to the jury room to consult of their verdict at about two o'clock P. M. of said day; that the senior counsel for the plaintiff resided in Lafayette, and counsel for defendant resided in Frankfort and Lafayette, Indiana, and said counsel, at six o'clock Saturday evening, desiring to leave Crawfordsville for their homes, the jury still being out and not yet having agreed on a verdict, agreed with each other and the judge, that they would go home, and leave the matter in the hands of the court, reserving the right to all motions for a new trial, or objections to the verdict, to be made on the next Wednesday, the same as if made when the verdict was rendered; whereupon said counsel left for their homes, in pursuance of said agreement; that the next day, being Sunday, and about one o'clock of the day, the bailiff in charge of the jury, Ira Suman, informed the court, the Honorable ——— THOMAS, judge of said court, that the jury desired to see said judge, who accordingly went to the jury room and met the jury, the said judge and the jury and the bailiff being the only persons present; that the jury then asked said judge the questions on which they wanted instructions, the points being the same upon which the said judge had already instructed them in the first instance; the said judge answered their questions by giving them, as near as he could, orally, a repetition of what he had formerly said to them in his written instructions on the same points, but perhaps enlarging somewhat thereon, in response to their questions; after which he said to the jury, in substance, that they had already been out some time, but as the case had consumed a good deal of time in its trial, and as it was a matter that probably must ultimately be settled by a jury, that the court did not know that it could be more fairly presented than it had been to them, he felt like giving them a full opportunity to agree on a verdict, if possible. In response to this, the jury expressed a desire

to consult further; the judge then retired, and in a short
time, not to exceed an hour, he was sent for to receive
their verdict, which he did.   None of the counsel in the
case were in Crawfordsville, after they left on Saturday,
until the next Wednesday following; because of the
agreement on both sides, that the matter was left in the
hands of the judge, he felt it his duty to give the in-
struction, or answer the questions of the jury, in their ab-
sence; the plaintiff and defendant were also absent with
their counsel, and returned with them."

We have set out this statement from the bill of excep-
tions, signed by the judge of the court below, because it
shows the action of the court complained of as irregular,
and because it shows, also, the circumstances under which
such action was had.

It further appears from the bill of exceptions, that, "to
the making and inserting of this statement," which we
have set out, "as a part of the bill of exceptions in this
cause, the defendant objects and excepts, on the ground
that it was no proper part of the record of this cause."

In this court, the appellee has filed a written motion to
strike out of the bill of exceptions and the record of this
cause the foregoing statements, for the following reasons:

1.   That the same was not a proper part of the record;

2.   That the facts therein stated were not properly
brought to the knowledge of the court below; and,

3.   That the said part of said bill of exceptions was
the mere statement and entry of the clerk, and the same
was not proper to be made.

It is proper that we should dispose of this motion be-
fore we consider and decide the questions presented by
the alleged error assigned by the appellant.   It seems to
us, that the reasons assigned by the appellee in support
of his motion are insufficient.   The statement of facts,
objected and excepted to by the appellee, was a proper
and necessary part of the record.   If the facts existed as
stated, the court would have been derelict in its duty, and

would have subjected itself to just censure, if it had failed or refused, at the request of the appellant, to embody a full and fair statement of those facts in a proper bill of exceptions. The facts, if they existed, were peculiarly within the knowledge of the court, and it was not necessary that they should be brought to its knowledge by the appellant, by affidavit or otherwise. This statement of facts does not purport to be " the mere statement and entry of the clerk," but it is made a part of the record of this cause, in the mode prescribed by the statute. In our opinion, this court has neither the right nor the power to strike out this statement of facts from the record. The appellee's motion is therefore overruled.

We come now to the consideration of the alleged irregularity of the court below, as the same is shown in and by the foregoing statement of facts, taken from the record. The first statutory cause for a new trial, as the same is found in section 352 of the practice act, is as follows:

" *First.* Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial." 2 R. S. 1876, p. 179.

This is not one of the causes which " must be sustained by affidavit showing their truth." 2 R. S. 1876, p. 183, sec. 355.

It was sustained in this case, if sustained at all, in the only mode prescribed by the statute, by a proper bill of exceptions. It seems to us, that the action of the court, complained of by the appellant, which complaint is fully sustained by the record, was such an irregularity in the proceedings of the court as the law affords no warrant for, nor will excuse. After a cause has been finally submitted to a jury, and they have retired for deliberation, it is provided in sec. 331 of the practice act, that, " if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in

the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys." 2 R. S. 1876, p. 169.

· We regard the provisions of this section, not as directory merely, but as mandatory in their requirements. While a jury is out deliberating upon a verdict in any case, it certainly would be an irregularity in the proceedings of the court, if, in the absence and without the knowledge of the parties or their counsel, the court should enter the jury room and there give the jury information " as to any part of the testimony," or " as to any point of law." This would be so, in our opinion, whether such action of the court was had on Sunday, or on any other day of the week.

It may be regarded as settled by the decisions of this court, that the verdict of a jury may be returned, and received by the court, on Sunday. *Cory* v. *Silcox,* 5 Ind. 370; *Rosser* v. *McColly,* 9 Ind. 587; *McCorkle* v. *The State,* 14 Ind. 39; and *Joy* v. *The State,* 14 Ind. 139.

In the case of *McCorkle* v. *The State, supra,* it was said by PERKINS, J., in delivering the opinion of the court:

" It is further objected that the transactions in this cause occurred on Sunday; but the law allows a verdict to be returned on that day, and, as an incident, authorizes the court to sit on that day to receive it, and to receive any motion or order touching it, and the discharge of the jury rendering it."

· We may add, as a further incident to this authority to return a verdict on Sunday, that, in our opinion, if it should appear to be necessary to the speedy formation and return of a verdict, and the jury should desire to be informed on that day as to any part of the testimony, or as to any point of law arising in the case, the court may sit on Sunday for the purpose of giving the jury the information required, " in the presence of, or after notice to, the parties or their attorneys."

We neither question nor doubt the power or right of the court to communicate with a jury, when necessary, during their deliberations; but all such communications must be made in open court.

In the case of *Sargent* v. *Roberts*, 1 Pick. 337, 341, it was said by the Supreme Court of Massachusetts: "We are all of opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel in the cause." So we say in the case now before us.

It seems to us, that the action of the court below, in entering the jury room during the deliberations of the jury, in the absence of, and without notice to, the parties or their counsel, and in " enlarging somewhat," orally, on the written instructions previously given the jury in the cause, under such circumstances that the appellant could neither object nor except thereto, was such an irregularity in the proceedings of the court as prevented the appellant from having a fair trial.

But we need not pursue this question; nor need we examine any of the other causes assigned by the appellant for a new trial of this action.

For the reasons already given, it is very clear, we think, that the court below erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.