THE PEOPLE OF THE STATE OF NEW YORK, Respondent *v.*
JOSEPH WOOD, Appellant.

*Court of Appeals, March* 1, 1892.

1. *Appeal. Exception.*—Where, upon the trial of an indictment for murder, a proposed juror was rejected on the ground that he had a fixed, long-standing and influential opinion as to the guilt or innocence of the prisoner, an objection that he was rejected without opportunity for cross-examination by his attorney, where it does not appear that this right was asserted or denied, or in any manner sought to be exercised upon the trial, is untenable.
2. *Jurors. Scruples.*—A juror, who has conscientious scruples against rendering a verdict of guilty in a capital case, is brought fully within the provisions of section 377 of the Code of Criminal Procedure.
3. *Same.*—The rejection of a juror on account of a present opinion upon the question of guilt or innocence, is proper.
4. *Appeal. Objection.*—An objection, which could have been obviated at the trial, cannot be raised in the first instance on appeal.
5. *Evidence. Judicial notice.*—Where a crime is charged to have been committed in the town and county named in the indictment, but no proof that such town is in said county was given, the court will take judicial notice of the fact.

Appeal from judgment of the Warren county oyer and terminer, convicting defendant of the crime of murder in the first degree.

*James M. Whitman,* for appellant.

*Charles R. Patterson,* for respondents.

FINCH, J.—Four unfounded objections, admitting of brief and easy answers, and in no respect justifying the delay of this appeal, disclose themselves from a printed case of 1,400

pages, prepared at the expense of the county of the trial. The prisoner's counsel raises no question of fact. He concedes explicitly that upon the proof the verdict is not to be assailed either as against the evidence or as unsupported by it, and rests his argument upon what he claims to have been errors of law.

Three of these are exceptions to the decision of the court upon a challenge of individual jurors in cases where the challenge was sustained and the jurors rejected. We have looked at the rulings to see whether any injustice has been done to the prisoner of which we ought to take notice.

The juror, Balcom, was rejected because he had an opinion as to the guilt or innocence of the prisoner which he described as fixed and of long standing and which would influence his conduct in the jury box. Complaint is made that the juror was rejected without opportunity for cross-examination by the prisoner's counsel. It does not at all appear that the right was either asserted or denied or in any manner sought to be exercised.

The jurors, Dickenson and Stewart, were rejected because they had conscientious scruples against rendering a verdict of guilty in a capital case. They brought themselves fully within the provisions of § 377 of the Code of Criminal Procedure.

The juror, Cooke, was rejected on account of a present opinion upon the question of guilt or innocence. Taking his statement as a whole his rejection appears to have been proper.

The fourth objection is that while the indictment charges the commission of the crime in the town of Stony Creek, in the county of Warren, and while the proof shows the offense in the town alleged, it does not show that such town was in the county of Warren. No such objection was raised at the trial when the omission could have been obviated. It made its first appearance after the verdict and on a motion for a new trial on the minutes. But if made when it should have

been, it is a conclusive answer that the court will take judicial notice of the fact that the town of Stony Creek is in the county of Warren. People *v.* Bresse, 7 Cow. 429 ; Vanderwerker *v.* People, 5 Wend. 530 ; Chapman *v.* Wilber, 6 Hill, 475.

We have examined the testimony sufficiently to be satisfied that the verdict was just. The prisoner admitted the fact of the killing, and his counsel approved and stood upon the admission. The defense of insanity was fairly submitted to the jury, and it was hardly possible that the verdict should have been different.

The judgment must be affirmed.

All concur.

NOTE.

As to competency of jurors, see further Young *v.* Johnson, 123 N. Y. 226; People *v.* Carolin, 115 Id. 658; Matter of Klock, 49 Hun, 450; Stedman *v.* Batchelor, 49 Id. 390; People *v.* Keating, 61 Id. 260; People *v.* Price, 53 Id. 185; Corbett *v.* Troy, Id. 228; People *v.* Jackson, 111 N. Y. 382; People *v.* Packenham, 115 Id. 200; McKinney *v.* L. I. R. R. Co., 53 Hun, 633; People *v.* Wah Lee Mon, 59 Id. 626; DePuy *v.* Quinn, 61 Id. 237; People *v.* Cullen, 53 Id. 629; People *v.* Schad, 58 Id. 571; Schlessinger *v.* Springfield, etc., Co., 58 Supr. 112; Butler *v.* G. F. S. H. & F. E. S. R. R. Co., 121 N. Y. 112; Halsted *v.* Man. R. Co., 58 Supr. 270; Lewke *v.* D. D., E. B. & B. R. R. Co., 46 Hun, 283.