

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert F. Peden, Jr.
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. O-3048
Re: Pleas of guilty in misdemeanor
cases may not be legally accepted on Sunday.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

". . . Is what is commonly known as a Sunday Judge a legal means of accepting a man's plea of guilty in a misdemeanor case?"

12 Texas Jurisprudence, Section 351, Criminal Law, page 712, reads in part as follows:

". . . The court has no authority to render a judgment on Sunday. A judgment entered of record on that day is not only erroneous, but is absolutely void. . . ."

We quote from the case of Shearman v. State, 1 Texas Court of Appeals Reports, pages 217-218, as follows:

"Now, it will be seen that, in the case we are considering, the Sunday upon which the proceedings complained of were had was in the very midst of the regular term of court, and not the Sunday immediately following or succeeding the expiration of the regular term.

"Neither of the statutes above quoted - and we believe they are all the law enacted in this

Honorable Robert F. Peden, Jr., Page 2

state bearing directly upon the subject - tend to throw any light upon the question before us. We turn, therefore, to the common law, because our statute further provides that, 'whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, and is, therefore, defective, the rules of the common law shall be applied and govern.' Pasc. Dig., Art. 2493.

"The subject is thoroughly and ably discussed in Baxter v. The People, 3 Ill. (Gilm.) 384, 385, 386. We take the liberty of quoting fully from the opinion of Caton, J., delivered in that case. He says: 'Had the court the right to receive the verdict and pronounce judgment on Sunday? That courts have no right to pronounce a judgment, or do any other act strictly judicial, on Sunday, unless expressly authorized by statute, seems to be too well settled to admit of doubt, by the decisions in England and in this country. The leading case on this subject is that of Swann v. Brown, 3 Burr. 1595, where it was held by the court of King's Bench that the court couldnot sit on Sunday and give a valid judgment, it not being a judicial day. It appears that anciently, among Christians, courts did sit on Sunday, but by a canon of the church made in the year 517 this was prohibited, and that rule seems to have been adopted into the common law, and may be considered well settled. But this prohibition seems to be confined to the entering of judgments of record, and other like judicial acts, for we learn from the opinion of Lord Mansfield in the same case that it was assigned for error in the exchequer that the information (for engrossing butter and cheese contrary to the statute) was exhibited to the court on the 13th day of October,

Honorable Robert F. Peden, Jr., Page 3

which in the year (20 Jac. 1) was on Sunday, and, therefore, not *dies juridicus." The question seems to have been frequently before the English courts and the courts of most of the states of the Union, and the decisions are very uniform that a judgment cannot be entered of record on Sunday. 3 Thomas' Coko, 354; 2 Bl. Com. 277; Mackelday's case, 5 Coke, 66; Pearce v. Atwood, 13 Mass. 324; Chapman v. The State, 5 Blackf. (Ind.) 111; Nabors v. The State, 6 Ala. 200; 4 N. H. 158; Authur v. Mosby, 2 Bibb, 589; Story v. Elliott, 8 Cow. 27; 1 Wend. 57.' To these authorities we may add Colman v. Henderson, Litt. (Ky.) Sel. Cas. 171; Vanderwerker v. The People, 5 Wend. 530; Harper v. The State, 43 Texas, 431.

"These cases all show that a judgment entered of record on Sunday is not only erroneous, but is absolutely void.

"But although the law seems to be well settled that a judgment cannot be entered of record on Sunday, yet I think it equally well settled that a verdict of a jury may be entered of record on Sunday. See following authorities: Heidkpeer v. Cotton, 3 Mass. 56; Hochtaling v. Osborn, 15 Johns. 118; Heller v. English, 4 Strobh. (S. C.) 586; True v. Phinley, 36 Me. 466.

"The verdict of the jury may be returned and received on Sunday. Cory v. Silcox, 5 Ind. 370; Rower v. McColly, 9 Ind. 587; McCorkle v. The State, 14 Ind. 39; Joy v. The State, 14 Ind. 139; Webber v. Merrill, 34 N. H. 202; Roberts v. Bower, 5 Hunt (N. Y.), 558.

"We fully concur in the conclusion arrived at by the learned judge in Baxter v. The People, expressed in these words: 'We think the authorities clearly establish that, when a cause is submitted to the jury before twelve o'clock Saturday night, the verdict of

the jury may be received on Sunday; but that
it is not a judicial day for the purpose of
rendering any judgment, and if it attempt
to render a judgment, still in law it would
be no judgment, but absolutely void, and
will be so declared, and may be reversed by
this court. Not that such reversal will take
from it any force or vitality, for it never
had any, not having been rendered by a court
having authority to render any judgment
whatever at this time.' Ib. 386."

The Shearman case, supra, has been followed by the
Texas Court of Criminal Appeals in the recent cases of Bloss
v. State, (1934) 75 S. W. (2d) 694 and Guerra v. State,
(1939) 136 Texas Criminal Reports 412. We quote from the
court's opinion in the Guerra case as follows:

"It appears from bill of exception No.
1a that the court charged the jury on Sun-
day, March 6, 1938, at 1:50 P.M. Charging
the jury is strictly a judicial act. Moss
v. State, 173 S. W. 859. Courts have no
right to pronounce a judgment, or do any
other act strictly judicial, on Sunday, in
the absence of a permissive statute. Bloss
v. State, 75 S. W. (2d) 694; Shearman v.
State, 1 Tex. App. 215. We have in this
state no statute permitting the jury to be
charged on Sunday. In Moss v. State, supra,
the court said: 'Charging the jury is a
high judicial function, and it cannot be
lawfully exercised on Sunday.' We are con-
strained to hold that reversible error is
presented."

You are respectfully advised that it is the opin-
ion of this department that pleas of guilty accepted and
judgments rendered on Sundays in misdemeanor cases are in-
valid.

Very truly yours

APPROVED FEB 21, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:GO

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN