IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF KENNEBEC,

ARGUED MAY TERM, 1848.

HOWARD C. KEITH *versus* WENTWORTH TUTTLE & *al.*

There is no prohibition, either at common law or by statute, of the service of process, in criminal cases, on the Lord's day, except in so far as the service of the same might be unnecessary on that day.

A warrant, issued upon a complaint under the statute of 1846, c. 205, to restrict the sale of intoxicating drinks, may be lawfully executed on the Lord's day; although, perhaps, subject to the limitation, that it should not be an unnecessary act, to be performed on that day.

If the officer serving such warrant, would not be justified, because the act was unnecessary, it would seem, that such persons as were called by him to aid and assist him in the service, might nevertheless be excusable.

STATEMENT of facts by the parties, as follows: —

" This is an action of trespass and false imprisonment, by plaintiff against defendants. The writ alleges that the defendants, on the 25th day of April, A. D. 1847, on the Lord's day, at Canaan in the county of Somerset, seized and arrested the said Keith of Canaan aforesaid, as he was quietly and peaceably walking in the highway, and with force and violence thrust him, the said Keith, into the tavern house of one William Macartney, and there detained him for five hours, against his will, &c.

" The defendant, Wentworth Tuttle, Jr. justified as being constable of said town of Canaan, acting by virtue of a warrant issued by a justice of the peace for said county; and the other defendants, as aiding and assisting the said Tuttle, by his command, in arresting and detaining said Keith, which appears by their several pleas on file. The warrant, on which said Keith was arrested and detained, issued on a complaint made to a justice of the peace within and for the said county of Somerset, to recover a penalty for an alleged violation of " an act to restrict the sale of intoxicating drinks," passed August 7th, A. D. 1846.

" The writ, the several pleas of defendants and said warrant, are made a part of this case, and may be referred to, but need not be copied. If the opinion of the Court should be, that said warrant could legally be served on the Lord's day, the plaintiff is to become nonsuit, or go to the jury for excessive force used by defendants in the service of said warrant, at plaintiff's election. If, on the other hand, the opinion of the Court should be, that said warrant could *not* be legally served on the Lord's day, then the case is to go to the jury to assess the damages sustained by the plaintiff.

*L. Johnson*, for the plaintiff.

It is contended on the other side, that the observance of the Lord's day is purely a statute regulation. For argument's sake we will admit it. The 114th chapter of Rev. Stat. section 104, provides, that no person shall serve or execute any civil process on the Lord's day, &c., Chap. 160, § 26, also provides, that if any person on the Lord's day, shall do any work, labor or business, works of necessity or charity excepted, &c. The decisions of this Court go the length (which the Massachusetts decisions did not,) that contracts made on the Lord's day are absolutely void ; not leaving them on the ground of the Massachusetts decisions, that the contract was good, but the parties making them on that day only liable to penalties for unnecessary work and labor, &c. Chief Justice Parker, in the case of *Pearce* v. *Atwood*, 13 Mass. R. on page 347, says, " magistrates and executive officers (where persons are charged

with crimes) will consider, that all unnecessary official labor will expose them to the penalties of the act for the due observation of the Lord's day, although their doings may not be void," placing them precisely on the ground of unnecessary labor in making contracts, &c. The reasoning to me does not seem strained, that if, by the decisions of this Court, contracts made on the Lord's day (which by the Massachusetts decisions are good) are null and void; by parity of reasoning, the service of a warrant, even in a criminal case, if unnecessary, would also be null and void, and therefore the warrant would be no justification to the officer serving it.

The case at bar presents no such case of necessity for service of the warrant on the Lord's day, even admitting, that the selling intoxicating drinks contrary to the act of 1846, be a criminal offence.

I respectfully contend, that the mode pointed out by the statute for the recovery of the penalties, in the 6th section of said act provided for, if by complaint, (and they can as well be recovered by action of debt) is only criminal in form. If the Court will look at the 6th section and the 20th section, it will perceive that an execution was contemplated to go, whether the judgment was on complaint or action of debt; although I am free to confess that the intentions of the Legislature are not very clearly defined, and that it would be no disparagement, to be unable to *even guess* what ought to be the construction of this law, and even no disparagement to this learned Court, to fail in finding out its legal intendments.

I have before handed to the Court, a list of numerous statutory provisions, where the *mode* of recovery of penalties is by *complaint* before a justice of the peace. I will call the attention of the Court to one, the 38th chapter of Revised Statutes. It contains 3 sections, the last of which provides for the recovery of one dollar, for parents, householders, &c. neglecting to perform certain things directed to be done in the 2d section of said chapter, and it is to be done by *complaint* for the *offence* of so neglecting to do what is required of them. Offence is the precise word used in act of 1846. Now if the

mode of recovery of a pecuniary penalty, makes it a *criminal* process, the Lord's day might be continually desecrated by persons bringing complaints for these penalties. Our whole State might be made the arena of warrant serving, and the holding of justices' courts on that day, a power denied to this Court by law, and thus presenting the strange anomaly of justices of the peace *legally* holding their courts on the Lord's day, which this Court cannot do. Justices of the peace have jurisdiction of these penalties, as much as this Court has for the trial of capital offences.

List of some of the penalties recoverable by complaint and indictment by the Revised Statutes.

Chap. 14, § 93; c. 15, § 30; c. 17, § 61; c. 26, § 4, 5, 6; c. 35, § 6, 8; c. 38, § 3; c. 50, § 26, 35, 36, 39, 41; c. 59, § 4; c. 60, § 2, 3, 10; c. 66, § 20, 25, 26; c. 104, § 32; c. 160, § 22, 25, 26, 27, 29; c. 114, § 104.

*S. May*, for the defendant.

This is an action for an assault and battery and false imprisonment. The general issue is pleaded, and a brief statement filed, in which the said Tuttle justifies his acts as constable of the town of Canaan, having a legal warrant against said Keith, for an offence against the laws of this State, wherein he was directed forthwith to apprehend the body of said Keith, and bring him to trial; and the other defendants justify as his servants, acting under his command.

The complaint and warrant are in due form of law, and the offence set forth in said complaint, is a violation of the act of 1842, entitled "an act to restrict the sale of intoxicating drinks."

By this act, sect. 5, for any person to sell spirituous liquors contrary to its provisions, is made an offence, and the offender is made liable to pay not less than one, nor more than twenty dollars for the first offence; and by the 6th section of the act, such forfeiture or penalty may be recovered by action of debt, or *by complaint* before any justice of the peace, or judge of any municipal or police court in the county where *the offence* was committed.

It is conceded, that if no more force were used than was necessary to perfect the service of such warrant, such complaint and warrant would be a justification for the acts committed, had they been committed on any other day except *Sunday*. It is contended, however, that *such process* cannot lawfully be served on that day.

And whether such process can, by our law, be lawfully served on that day is the principal question in this case.

We contend it can, and by an examination of the law upon this subject, we find that as early as the ninth of James, it was resolved in England " that judicial acts should not be done on Sunday, but *ministerial* may for necessity." 9th Coke, 66.

In the case of *Swann* v. *Broome*, 3 Burr. 1601, Lord Mansfield says, " but fairs, markets, sports and pastimes were *not* unlawful to be holden and used on Sundays, *at common law*, and therefore it was requisite to enact particular statutes to prohibit the use and exercise of them upon Sundays, as there was nothing else that could hinder their being continued in use." Anciently, courts of justice were held on Sunday, and Sir Henry Spelman, in his Original of the Terms, c. 3, p. 75, says that " the christians at first, used all days alike for the hearing of causes, not sparing (as it seemeth) *the Sunday itself*."

But in the year 517, and afterwards, the church, by its canons, which were ratified and confirmed in the times of Theodorius and Edward the Confessor, by imperial constitutions, declared that no causes should be tried or pleas holden on that day. These canons and constitutions, says Lord Mansfield, were all confirmed by William the Conqueror, and Henry the Second, and so became part of the common law of England. But this common law did not extend its jurisdiction any further than against awarding process and giving judgment, *and such like acts of court*, on Sundays. Fairs, markets, sports, pastimes and all ministerial acts, were not restrained by it. Hence we find in MacKallin's case, 9 Coke, 66, before cited, that the Court, while they recognize the principle, that Sunday is *dies*

*non juridicus*, at the same time affirm that ministerial acts may be lawfully executed on the Sunday.

In the case of *Pearce* v. *Atwood*, 13 Mass. R. 347, the Court say, that "ministerial acts, however relating to the administration of justice, used to be done on Sunday, and probably to an inconvenient degree. For by the statute, 29 Charles II. c. 7, the service of all processes, warrants, orders, &c. on Sunday, are made unlawful except for treason, felony, and breach of the peace."

At the common law then, any process may be served on the Lord's day which is not prohibited by statute. And it is unnecessary to inquire what processes may be served by virtue of the English statute, for "our own statutes have entirely superseded all pre-existing regulations on the subject." The Court expressly so say in the case of *Pearce* v. *Atwood*, before cited, p. 345. In that case, the Court decided that a justice of the peace has no authority on the Lord's day to receive a complaint and issue a warrant for the violation of the then laws of Massachusetts, for the due observance of that day, and that a warrant so issued is no justification to an officer making an arrest under it. The case turned upon the question whether such a warrant, so issued on the Lord's day, was void or not, and the Court held it void, and so no protection to the officer. It is evident from the case that such a warrant would have been no protection to an officer executing it on any day. It was void and could justify no act at any time under it. The officer was held liable in that case, not because he arrested the plaintiff on Sunday, but because he arrested him without a legal warrant. It was the unlawfulness of the proceedings of the justice, that made the acts of the officer unlawful, and the proceedings of the justice in that case were held to be unlawful by reason of the peculiar phraseology of the statutes of Massachusetts for the due obversation of the Lord's day. From those statutes, passed in 1791, c. 58, and in 1782, c. 23, the Court held "that the Legislature did not intend, that prosecutions for the violation of *that* law should be attended to on the Lord's day," and they say they do not found their opinion

" on any general prohibition of judicial or ministerial acts on the Lord's day."

Neither Court nor counsel in that case regard the statute of Massachusetts, passed March 8, 1792, the 9th section of which declares " that no person shall serve or execute any civil process from midnight preceding to midnight following the Lord's day," as any restraint upon the officer, in case his warrant had been properly issued. On the contrary, the Court speaking of that statute say, " by our statute the service of none but civil process is prohibited on the Lord's day; so that *warrants* against persons charged with any *crimes whatever*, may be lawfully served on that day."

By our Rev. Stat. c. 114, sect. 104, it is made unlawful to execute any civil process on the Lord's day, and the person executing it is made liable to damages to the party aggrieved in the same manner as if he had no such process. Our statute is almost an exact transcript of the statute of Massachusetts passed in 1792, before cited.

The question then is, does this statute prohibit the service of a warrant, legally issued for a violation of the act to restrict the sale of intoxicating drinks, on the Lord's day, or in other words, is such a warrant, issued on a complaint for such an offence, civil process? If it is, it cannot lawfully be served on the Sabbath; if it is not, it may be.

In the case of *Wild* v. *Skinner*, 23 Pick. 251, it was held not to be unlawful to impound cattle on Sunday, and perhaps it would not be more unwarrantable on that day to arrest rum-sellers, than cattle or swine. By their statute, cattle might be taken up at any time, but the statute relating to the service of civil process, was held not to apply.

In the case of *Tracy* v. *Jenks*, 15 Pick. 465, that the making or giving of a mortgage on the Lord's day was not civil process, or the service of civil process, so as to be prohibited by the statute.

The word civil is used in this statute in contra-distinction to criminal. That process is said to be civil which relates to the private rights and remedies of men — that criminal which re-

lates to public wrongs and injuries ; thus we speak of civil process and criminal process — of civil jurisdiction and criminal jurisdiction.

" The distinction of public wrongs from private, of crimes and misdemeanors from *civil injuries,* seems principally to consist in this," says Blackstone, vol. 4, p. 5, " that private wrongs or civil injuries are an infringement or privation of the civil rights which belong to individuals, considered merely as individuals ; public wrongs, or crimes and misdemeanors, are a breach and violation of the public rights and duties due to the whole community, considered as a community in its social aggregate capacity." Again he says, on the same page, " A crime or misdemeanor is an act committed or omitted in violation of the public law, either forbidding or commanding it."

The violation of the act to restrict the sale of intoxicating drinks, is the violation of a public law ; it is a public wrong, it is a crime within the definition which Blackstone gives, and within the meaning of the Court, in the case of *Pearce* v. *Attwood,* where they say, " that warrants against persons charged with any *crimes* whatever, may lawfully be served on Sunday." The defendants are therefore justified in what they did.

But if it be possible for the Court to come to the conclusion that the constable is not justified by his warrant in apprehending the body of the plaintiff forthwith, as therein directed, still we say, that the other defendants who came to his aid by his command, are justified in what they did. By the Rev. Stat. c. 104, sect. 32, a constable in the execution of the duties of his office in any criminal cases, may require suitable aid therein, and every person who shall neglect or refuse, is made liable to a penalty therefor. Is not this a criminal case, within the meaning of this statute, so that the officer may rightfully require aid, if he need it to apprehend or secure the offender ? If it be only a civil matter and the warrant be only civil process, then by this statute the officer would have no right to require aid in the arrest, but only in case of an escape or rescue after an arrest of the offender. In this statute, all *criminal cases,* are put in contrast with civil process, and so we say, in §

104, c. 114, the words "civil process," can include no possible criminal case, and that in all criminal cases, there is no prohibition against the service of process on the Lord's day.

*Bronson*, for the plaintiff, replied.

The opinion of the Court was drawn up by

WHITMAN C. J. — The question reserved for the consideration of the Court is, whether a warrant issued upon a complaint under the statute of 1846, c. 205, to restrict the sale of intoxicating drinks, could lawfully be executed on the Lord's day. By the Rev. Stat. c. 114, § 104, the execution of any civil process, on that day, is prohibited. If it had been the intention of the Legislature, that criminal process should not be executed on that day, it must be very evident, that the prohibition would not have been restricted to the service of civil process on that day. In *Pearce* v. *Atwood*, 13 Mass. R. 324, it was held, that persons charged with any crime whatever may lawfully be arrested on the Lord's day. This State was then a part of Massachusetts. The enactments on this subject have not been essentially varied, in this State, from what they were before separation. There is, therefore, no prohibition either at common law, or by statute, of the service of process, in criminal cases, on the Lord's day, except in so far as the service of the same might be unnecessary on that day.

That the warrant, by virtue of which the plaintiff was arrested, was a criminal mode of proceeding, will not admit of a doubt. It had been issued by a justice of the peace upon a complaint, charging the plaintiff with the commission of an offence, a breach of a provision of a statute of the State. The sentence to be awarded against him, in case of conviction, must have been the payment of a fine. It was quite immaterial, whether it was payable for the use of an individual, or of the State. The statute under which it would have been recoverable, was not remedial, but penal. In case of the non-payment of the fine the order must have been, that he should stand committed till sentence should be performed. That the same penalty might be recovered in a civil action can

make no difference. There have been many cases in which, by provisions of law, a person might proceed either *criminaliter* or *civiliter*, at his election, to avail himself of a penalty, which he may be authorized to recover, for himself, or for himself and the State or others. Sec. 8 of the above act, (c. 205,) shows clearly, if other proofs were needed, that when proceedings by complaint and warrant are under that act, they are of a criminal character. That section provides, that if any person, after having been once convicted of a violation of the provisions of that act, shall be guilty, and upon complaint be convicted of a like offence, he shall be punished by a fine of not less than five, nor more than twenty dollars; and be committed until sentence be performed.

Thus it will be seen that the conclusion, upon the point reserved, is adverse to the plaintiff; and the cause must stand for trial, if the plaintiff should not conclude to become non-suit.

Whether it will be competent for the plaintiff to introduce proof, that his arrest on the Lord's day was an unnecessary labor or not, is not referred to us; and of course we do not definitively decide it. It may, nevertheless, be observed, that it is not perceived why the literal import of the words used in the statute, should not include the business of officers in serving warrants, they being at the same time, entitled to the benefit of the exception of works of " necessity or charity ;" and on the principle, that officers shall be presumed to act within the sphere of their duty, till the contrary be made apparent. And it may be noted, that in the case of *Pearce* v. *Atwood*, before cited, the Court observe, that magistrates and officers will " consider, that all official unnecessary labor will expose them to the penalties of the act for the due observance of the Lord's day, although their doings may not be void." Those, whom the officer may call on as aids, may nevertheless be excusable, and not liable to an action, if they do no more than would ordinarily be consistent with their duty as aids. They are not bound to inquire whether the officer employing them, has good cause for making an arrest, in a criminal case, on Sunday or not.