STATE, *in Scire Facias, versus* SUHUR & *al.*

A recognizance taken on the Lord's day, "between the midnight preceding and the sunsetting of the same day," to prosecute an appeal in a criminal prosecution, is unauthorized and void.

SCIRE FACIAS against the sureties of one John Gurney, upon a recognizance taken before the Judge of the Municipal Court of the town of Saco.

It was agreed, *that* the recognizance was entered into at three o'clock in the afternoon of the twentieth day of July, 1851, the same being Lord's day; and *that* it was so entered into for the purpose of securing to said John Gurney, an appeal from a sentence, imposed upon him at five o'clock in the afternoon of Saturday, the nineteenth day of said July, for having sold spirituous liquors in violation of the statute of 1851.

If the action is not sustainable, a nonsuit with costs is to be entered.

*Tallman,* Attorney General, for the State.

*J. Shepley* and *Hayes,* for the defendant.

The recognizance is void, because taken on the Lord's day. *Towle* v. *Larrabee,* 26 Maine, 464; *Pattee* v. *Greely,* 13 Metc. 284; 26 Maine, 74; Stat. of 1851, chap. 211, sect. 6; *Story* v. *Elliot,* 8 Cowen, 27; *Chapman* v. *the State,* 5 Blackf. 11; 2 Bibb, 589; 3 Gilman, 368; *Boist* v. *Griffin,* 5 Wendell, 84; *Cock* v. *Bunn,* 6 Johns. 326; *Goseviller's case,* 3 Pennsylvania, 200; 2 Hill, 375; 20 Wend. 205; *Browne* v. *Wellington,* 1 Sandf. Law Rep. 664; *Thayer* v. *Felt,* 4 Pick. 354.

WELLS, J., orally. —

It appears that the defendant was convicted on Saturday, and that he appealed, and within twenty-four hours afterwards, and on the Lord's day, entered into this recognizance to prosecute his appeal.

The Act of 1851, sect. 6, provides that if the recognizance and bonds, mentioned therein, shall not be given within

twenty-four hours after the judgment, the appeal shall not be allowed.　What did the Legislature intend by this provision ? Is it to be inferred, that if the twenty-four hours run into the Lord's day, the recognizance may be taken on that day ?　It is well known that, from the establishment of the government, laws have been passed, directing when certain acts shall be done, without specifying that they should not be done on the Sabbath ; and yet, when a secular act is to be done, the understanding has always been, that it is to be done on a secular, and not on a sacred day.

The Act of 1821, chap. 76, sec. 3, directs that an appeal may be made from a judgment of a justice of the peace, but says nothing about the time, when the appeal shall be made. So the law provides that executions may be issued after the expiration of twenty-four hours from the rendition of the judgment.　It was never supposed that an execution could rightfully be sued out on the Lord's day.　The same rule should be applied to appeals.　The reason is, that secular business should be performed on secular days.　The Revised Statutes, chap. 116, sect. 9, in relation to appeals from the judgment of a justice of the peace, provides that Sundays are not to be included, in the twenty-four hours allowed for an appeal.　But, without this exception, the same would have been implied. The exception adds nothing to the construction of the statute.　In criminal cases, where the party may appeal, the inference is that he must do it on a secular day.

But there is another view to be taken of this case.　The taking of the recognizance is purely a matter of contract between the defendants and the State, to prosecute the appeal. This Court has decided that a contract, made on the Lord's day, between individuals is not valid.　And there is no reason why the same rule should not be applied to a contract made between the State and individuals.　We do not mean to say that criminal process may not be served on Sunday ; that question we do not intend upon this occasion to decide.

*Nonsuit.*