WILLIAM RICHARDSON et al., Appellants, *v.* GEORGE W. FORD et al., Appellees.

APPEAL FROM LA SALLE.

Where an act (as the payment of money) is to be done on a particular day, the party has the whole of that day in which to perform it; but if it is to be done by or before a given day, it must be performed prior to that day.

If an act is to be done between two certain days, it must be performed before the commencement of the latter day. In computing the time in such a case, both the days named are to be excluded.

THE appellants brought their action in covenant, upon a contract under seal, made with the appellees, on the 9th day of July, 1852, by which the appellees covenanted to deliver to appellants, at Peru, two hundred head of good fat hogs, from the 1st to the 8th day of November then next; the appellants covenanting to appellees for all hogs of certain weight a certain price on delivery, and to advance from time to time, as appellees might require, $1,600; "one hundred at the date of the contract, and four hundred between that time and the 1st of September then next." The appellants averred in their declaration, that at the date of the agreement they paid the one hundred dollars; "and that afterwards, to wit, on the 1st day of September, they were ready, and offered to pay the appellees the further sum of four hundred dollars," &c., which they refused to receive, and that they refuse to go on with their contract, to deliver the hogs, &c. To this declaration a demurrer was filed, which was sustained by LELAND, Judge, at June term, 1853, of the La Salle Circuit Court; and the plaintiffs in the court below took this appeal.

Richardson et al. *v.* Ford et al.

GLOVER and COOK, for appellants.

CHUMASERO and TAYLOR, for appellees.

TREAT, C. J.   The payments of one hundred dollars on the day the contract was executed, and of four hundred dollars between that time and the 1st of September, were clearly conditions precedent.   The same were to be made by the plaintiffs before they could call upon the defendants to perform the contract on their part.   The undertakings of the latter were all to be performed after the 1st of September.   A failure by the plaintiffs to make these payments within the time limited, would authorize the defendants to treat the contract as rescinded.   To sustain an action on the contract, the plaintiffs are bound to show the performance of these precedent conditions; this being a necessary part of their right of action.   And they have given the contract the same construction.   They have averred the payment of one hundred dollars at the date of the contract, and an offer to pay four hundred dollars on the 1st of September following.   The only question is, whether this tender was made in due time.   The covenant was, to pay "one hundred dollars now, and four hundred dollars more between now and the 1st of September next."   It is clear, that the offer to pay on the latter day came too late.   The time within which the payment was to be made had already expired.   The defendants might have maintained an action on that day to recover the money.   Where an act is to be done on a particular day, the party has the whole of that day in which to perform it.   But where the act is to be done by or before a given day, it must be performed prior to that day.   So, if an act is to be done between two certain days, it must be performed before the commencement of the latter day.   In computing the time in such a case, both the days named are to be excluded.   A grant of land described as lying between two lots, would not embrace either of the lots.   A policy of insurance on goods "to be shipped between February 1st and July 15th," does not cover goods shipped on either of those days.   Atkins *v.* Boylston F. & M. Ins. Co. 5 Metcalf, 439.   A contract to have a mill "completed by November," excludes the whole of that month.   Rankin *v.* Woodworth, 3 Pen. & Watts, 48.   A direction to receive bids "until the 1st day of July," excludes all bids made after the last day of June.   Webster *v.* French, 12 Illinois, 302.   The declaration was defective in not showing a performance of the contract by the plaintiffs.   If they are entitled to recover back the money advanced upon the con-

Illinois and Michigan Canal *v.* City of Chicago.

tract, it must be done in an action for money had and received.

The judgment is affirmed.

*Judgment affirmed.*