CASE 3—BAIL BOND—JUNE 8.

# Watts, &c., vs. Commonwealth.

### APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. A bail bond, executed on Sunday, for the appearance of a person accused of a felony, is as much binding on the sureties as if it had been executed on any other day.

2. The Revised Statutes and Criminal Code constructively authorize the issual of the writ for the arrest on Sunday. (*Rice vs. Commonwealth*, 3 *Bush*, 14.)

   The arrest may be made on Sunday. (*Sec.* 12, *art.* 1, *chap.* 91 *Revised Statutes.*)

   The trial may proceed on Sunday. (*Criminal Code*, secs. 47, 49.)

   The accused may be committed or discharged on bail on Sunday. (*Ib., sec.* 59.)

JAMES G. CARTER,          For Appellants,
  CITED—
  *Revised Statutes*, 2 *Stanton, sec.* 12, *p.* 342.
  2 *Duvall*, 437 ; *Moore vs. Hagan.*

JOHN RODMAN, Attorney General,      For Appellee,
  CITED—
  *Revised Statutes, sec.* 12, *art.* 1, *chap.* 91.
  3 *Bush,* 14 ; *Rice vs. Commonwealth.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Debord being charged with a felony; a warrant for his arrest; the arrest and preliminary trial before an examining court; a judgment to hold him for appearance in the circuit court for trial; admission to bail; and the executing a bail bond by appellants, all occurred on Sunday; and the only question is, whether his securities can escape responsibility by reason thereof.

Section 12, article 1, chapter 91, 2 Stanton's Revised Statutes, 342, provides that "a writ of *habeas corpus*, or *process on a charge of felony*, or for a riot or breach of the peace, or upon an escape out of custody, *may be executed on Sunday*."

By section 47, Criminal Code: "When a person, who has been arrested, shall be brought, or, in pursuance of a bail bond, shall come before a magistrate of the county in which the offense is charged to have been committed, *the charge shall be forthwith examined*, reasonable time, however, being allowed for procuring counsel and the attendance of witnesses.

By section 49, the accused, arrested for a felony, is to remain in custody until the trial is terminated. As was decided by this court in *Rice vs. Commonwealth* (3 *Bush*, 16), the legal authority to execute such writs on Sunday necessarily authorized their issual; and as it is the duty of the court to proceed *forthwith* to examine such arrested persons, the trial may proceed on Sunday; and by section 59, Civil Code, if he be held over, shall be "committed to jail *or discharged on bail*." So the Revised Statutes and Criminal Code, when properly construed, fully authorize the issual of the writ, the arrest of the accused, his trial and discharge on bail on Sunday; therefore, his securities are as much bound for his proper appearance on a bond executed on that as on any other day, and the court properly sustained a demurrer to said defense. Wherefore, the judgment is affirmed.