## LEARY v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Disorderly House.*—An indictment for keeping a disorderly house must specify the acts of disorder, and unless it does so, should be quashed on motion.

APPEAL from the Hendricks Circuit Court.

BUSKIRK, C. J.—The appellant was jointly indicted with Patrick Leary for keeping a disorderly house. The court overruled a motion to quash the indictment, and this is assigned as the first error. The indictment, omitting the formal parts, was as follows:

"The grand jurors of Hendricks county, in the State of Indiana, good and lawful men, duly and legally impanelled, charged, and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Hendricks, in the name and by the authority of the State of Indiana,

upon their oaths, present that Patrick C. Leary and James Leary, late of said county, on the 17th day of September, 1870, at said county and State aforesaid, did then and there keep a certain house in which intoxicating liquors were sold, bartered, given away, and suffered to be drank, and then and there kept said house in a disorderly manner, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

. The objection urged to the indictment is, that it does not specify the acts of disorder. · We think the objection is well taken. It was held by the Court of Appeals in the State of Kentucky, in *Fredcrick* v. *Commonwealth*, 4 B. Mon. 7, that "an indictment charging generally the keeping of a disorderly house, without specification as to the acts of disorder, would not be good. So if the acts specified are not proven, the indictment cannot be sustained upon the proof of other acts not specified. But if the acts specified or such of them as constitute the house a disorderly one be proven, then other acts, which do not amount to a distinct offence, and for which a distinct prosecution will not lie, may be proven under the general charge to increase the fine."

The above opinion is referred to with approval by Bishop, in his work on Criminal Procedure, together with many other decisions holding the same way. See 2 Bishop Crim. Proced. 232–241.

We think the court erred in overruling the motion to quash the indictment.

As there may be another indictment found, we deem it proper that we should pass upon the second error assigned, which is based upon the refusal of the court to grant a new trial.

We have examined the evidence, and are of the opinion that it entirely failed to make out a case against the appellant. It was shown upon the trial, that the appellant and Patrick C. Leary kept a house in the village of Brownsburgh,

in which groceries and liquors were sold; that on the 20th day of September, 1870, there was a large meeting of Irish, engaged in the construction of a railroad, in the said town; that in the afternoon of said day, a riot and general fight took place in the alley near to, and in the stable in the rear of, said business house; but there was no evidence that the Irish had purchased any liquor from the Learys that day, or that they had drank any in their house. It was, however, proved that there were two drug stores in said town, which sold liquors, and that they, on that day, sold liquor to the persons engaged in said riot. It was proved, on the part of the defence, that the Learys on that day refused to sell, and did not sell, any liquors. It was proved that the persons engaged in the riot and disorderly conduct purchased liquor, in jugs and bottles, at the drug stores, and carried it into the alley and rear part of the premises of the Learys, and there drank it. There was no evidence of any disorderly conduct at any other time than on the day named in the indictment. The same thing might have occurred near a dry goods store or private residence in said town, for there was no force there that could have controlled the rioters. It was one of those unfortunate and greatly to be regretted riots that occasionally occur on the line of our public works, for which no one person, not engaged in it, should be held responsible.

The judgment is reversed; and the cause is remanded, with directions to the court below to quash the indictment.

*C. C. Nave* and *C. A. Nave*, for appellant.

*B. W. Hanna*, Attorney General, for the State.