THOMAS CORBETT, BY HIS GUARDIAN, v. JAS. P. SULLIVAN
AND OTHERS.

*False Imprisonment.   Railroad Police.*

1. The defendant was commissioned as railroad policeman, July 7, 1877, and made
   the arrest Nov. 9, 1879.   His commission had never been revoked.   *Held*, under
   the statute, R. L. s. 3447, that it was in force, and that the arrest was legal.
2. The defendant under the statute had power to arrest the plaintiff, without a war-
   rant, for injuring sheep in a cattle yard belonging to the railroad company.
3. Also, to make the arrest on the Sabbath.
4. Felony in our law is a crime punishable with imprisonment in the state prison.
5. Crime, misdemeanor, distinguished.
6. Charge of the court sustained.
7. R. L. s. railroad police; s. 4191, wilful injury to cattle, construed.

FALSE imprisonment.   Trial by jury, September Term, 1881,
ROYCE, J., presiding.   Plea, general issue, with notice of special
matters of justification.   Verdict for the defendant.   The plaintiff
was arrested by the defendants on the 9th day of November, 1879,
about nine o'clock Sunday evening, without warrant, for injuring
sheep in a cattle yard belonging to the railroad company at St.
Albans.   The sheep were there waiting to be put on the cars, to
be shipped to market.   The plaintiff, when arrested, was put into
jail, and there detained till about noon the next day, when a com-
plaint and warrant were made, and served upon him.

The court charged :

That on the evidence in the case, Sullivan did have authority
to act as a railroad police officer ; that it was lawful to arrest on
the Sabbath day in this case ; that it was lawful to make the ar-
rest in this case in the night-time ; that the arrest in this case was
legal in its character, as to time, place and circumstances, pro-
vided, as a matter of fact, the jury found that the crime charged
against the plaintiff had been committed ; that it was incumbent
on the defendant to make out, by a fair balance of testimony, that
the offense had been committed ; that the arrest was seasonably
made ; that no such time had elapsed, after complaint was made,
as to deprive him legally of the right to make the arrest ; that
when the Legislature conferred the authority upon such a police-
man (being a servant of the railroad company), to make an ar-

Corbett *v.* Sullivan.

rest, it was fairly intended that he might have time when complaint was made to him, before making the arrest, to get the necessary, or what he might deem necessary, instructions of his principal; that it was allowable and proper for him (Sullivan) to go to Mr. Hobart, superintendent of the road, and consult with him, and take his direction; and that how soon an arrest must be made always depends on a variety of circumstances. The arresting officer is clothed with authority to call into his aid necessary assistance to make arrests; and it may be that some time will elapse before he can get it. If it is necessary, he should have time to get them, so as to make the arrest, and to make it effectually, preventing the escape of the parties that he is charged with the duty of arresting. So that, as I have said, this question of time depends largely upon circumstances; that the officer making the arrest in this case must procure the necessary papers to be served upon the plaintiff in a reasonable time, or the arrest would be void *ab initio;* that this question of what was a reasonable time was a question of fact for the jury.

The court, in this connection, said :

" This was Sunday night when he was arrested. I hardly think it would be reasonable to call upon any one to violate the Sabbath by making out those papers. I think they had a right to wait until Monday morning before proceeding to have them made out."

*F. W. McGettrick* and *Willard Farrington*, for the plaintiff.

*Noble & Smith*, for the defendants.

The opinion of the court was delivered by

REDFIELD, J. This action is for trespass and false imprisonment. The plaintiff was found torturing sheep in the custody of the railroad company at St. Albans; and ordered away about six o'clock Sunday evening by the defendant Sullivan, who was acting as railroad policeman under the statute. The owner of the sheep, finding some of his sheep were wounded, and legs broken, required Sullivan to arrest the plaintiff. Sullivan proceeded to the house of the superintendent, Hobart, for direction, and being advised to proceed, arrested the plaintiff at his father's house in St. Albans village, about nine o'clock the same evening,

without warrant, and kept him until about noon the nex t day, when a warrant was served upon him.

I. It is claimed that the defendant's commission as policeman had expired, and, therefore, he was without authority to arrest. The commission was issued July 7, 1877, signed by the selectmen of St. Albans, and has not been revoked. The statute declares that such policemen " shall hold their offices during the pleasure of the *selectmen* by whom they are appointed." The appointment was made by selectmen acting as an *official board ;* and the defendant held the office during the pleasure of the body of men who, acting as a board in their *collective* capacity, had the power of appointment. The law provides for the succession of the individual members of the *board* of selectmen ; but the *office* continually subsists, in which is vested the power to *appoint* and *revoke*.

II. Had he authority to arrest without warrant? The statute provides in this class of offences, if the offence be committed in view of the officer, " or the speedy information of others " the arrest may be made without warrant. The case discloses that the offence in part was committed in view of the officer, but he was not aware of the extent of the injury to the sheep until the owner of the sheep gave " speedy information," and required him to arrest the offenders. The defendant was not a public officer with general jurisdiction, but with special duties and powers, appointed at the instance of the corporation, which was responsible for his acts. It would seem reasonable that he should have time and opportunity, if pursued with diligence, to consult the superintendent of the company as to his rights and duties. And, we think, it was in the interest of peace and good order, as it had become evening, to procure the sheriff to accompany him, and the authority to arrest, under the statute, had not lapsed by this delay.

III. Had he authority to make the arrest on the *Sabbath ?* The statute provides that " no process, warrant or decree shall be served on that day except . . in cases of treason, *felony*, and breaches of the peace."

The 4191 s. R. S., provides that " A person who wilfully and maliciously kills, *wounds* or maims . . any cattle, sheep or swine of another person . . shall be punished by imprisonment in the State Prison, not exceeding five years." "Felony, as existing at common law, is not known under the laws of this State, as crimes do not work forfeiture of estates." *State* v. *Scott*, 24 Vt. 127, Isham, J. Offences are distinguished as *crimes* and *misdemeanors;* the former punished capitally, or by confinement in the State Prison, and the latter by fine or imprisonment in the county jail. The penalty for this offence may be confinement in the State Prison, which takes the place of felony at common law ; and the offender will be' liable to arrest on the Sabbath. The 4186 section authorizes such officer to arrest without warrant the offender, "as in cases of persons found breaking the peace " ; and for the latter offence express authority is given to arrest on the Sabbath.

IV. The charge of the court, as to the *reasonableness* of the arrest, under the circumstances and at the *time*, we think, was considerate and fair.

The judgment of the County Court is affirmed.