# CASES

# APPELLATE COURTS OF ILLINOIS.

76 315
87 298

## FIRST DISTRICT—MARCH TERM, 1898.

## Nannie M. Coleman et al. v. Margaret Keenan.

1. APPELLATE COURT PRACTICE—*Time for Filing Records—Sec. 72 of the Practice Act Construed.*—Authenticated copies of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Appellate Court, on or before the second day of the succeeding term : *Provided,* twenty days shall have intervened between the last day of the term at which the judgment, order or decree appealed from was entered and the sitting of the court to which the appeal is taken; but if ten days and not twenty shall have intervened, then such record must be filed on or before the tenth day of such succeeding term, otherwise the appeal will be dismissed, unless further time is granted by the court. (Sec. 72, Practice Act.)

2. SAME—*Construction of the Statute.*—The statute (Chap. 110, Sec. 72, R. S.) is so plain as to leave no room for construction. Ten full days must intervene between the last day of the term at which the judgment was rendered and the sitting of the court to which the appeal is taken. The first day of the session of the Appellate Court must be excluded in the computation of the ten days.

3. SAME—*When the Record Need Not be Filed at the Succeeding Term.*—An appeal was taken from a judgment rendered by the Circuit Court of Cook County, at the January term, 1898, of which term Saturday, February 19th, was the last secular day, and March 1st the first day of the term of the Appellate Court, to which the appeal was taken. It was held that the appellant was not required by said section 72 to file the transcript of the record at the succeeding (March) term of the Appellate Court.

4. WORDS AND PHRASES—*To " Intervene," as Used in Sec. 72 of the Practice Act.*—To intervene means to come between; and when it is said that a day must intervene between two other days, the meaning is, that

(315)

it must come between and must fully elapse between the two days mentioned.

5. TIME—*Computation, etc.*—If an act is to be done between two certain days, it must be performed before the commencement of the latter day. Both days must be excluded.

6. TERM OF COURT—*Under Sec. 72 of the Practice Act.*—For most purposes a term of court is considered as one day; but for the purposes of Sec. 72 of the Practice Act, it is made to consist of days, and the word, therein, is used in its popular sense.

7. SAME—*Sunday, When a Day of the Term.*—The fact that Sunday is not a judicial day does not, within the contemplation of the statute, render it any less a day of a term of court, and applies as much to a Sunday next succeeding the last secular day of the term as to any preceding Sunday of the term.

**Motion to Dismiss,** on a short record. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Made in this court at the March term, 1898. Overruled. Opinion filed March 28, 1898.

No appearance by appellant.

THOMAS W. PRINDEVILLE, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is a motion to dismiss the appeal on short record for failure of appellant to file a transcript of the record.

It appears from the short record that the judgment appealed from was rendered January 25th, at the January term, 1898, of the Circuit Court. The first day of the February term of the court was February 21, 1898. The first day of the present or March term of this court was March 1, 1898. The statute prescribing the time of filing records in this court is section 72 of the Practice Act, and is as follows:

"Sec. 72. Authenticated copies of records of judgments, orders and decrees appealed from, shall be filed in the office of the clerk of the Supreme Court, or of the Appellate Court, as the case may be, on or before the second day of the succeeding term of said courts: *Provided*, twenty (20) days shall have intervened between the last day of the term

Coleman v. Keenan.

at which the judgment, order or decree appealed from shall have been entered and the sitting of the court to which the appeal shall be taken; but if ten (10) days and not twenty (20) shall have intervened as aforesaid, then the record shall be filed as aforesaid on or before the tenth (10th) day of said succeeding term, otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken upon good cause shown."

Saturday, February 19th, was the last secular day of the January term of the Circuit Court, and Sunday, February 20th, intervened between that day and the first day of the February term. Excluding Sunday, February 20th, and assuming Saturday, February 19th, to have been the last day of the January term of the Circuit Court, and also excluding from the computation of time March 1st, the first day of the March term of this court, only nine days intervened between February 19th and March 1st. To intervene means to come between; and when it is said that a day must intervene between two other days, the meaning can not be otherwise than that it must come between the two days mentioned—that it must fully elapse between the two days mentioned. A body can not possibly intervene or come between two other bodies, and at the same time occupy wholly or partially the space occupied by either of the other bodies. The error of the proposition that, in computing the ten days which must intervene between the last day of the term at which the judgment was rendered and the first day of the term of this court, such first day is to be included, is demonstrable. The legislature clearly intended that some time should intervene. Now suppose the statute had provided that only one day should intervene between the times mentioned, and that the last day of the term of the trial court should be the 7th, and the first day of the next term of the Appellate Court the 8th of the month; then, applying the rule that, in computing the time, the first day of the Appellate Court term is to be counted, we would have a day intervening in contemplation of law, but not an instant intervening in fact. We are of opinion

that the statute is so plain as to leave no room for construction, and that ten full days must intervene between the last day of the term at which the judgment was rendered and the sitting of the court to which the appeal is taken, and that the first day of the session of the Appellate Court must be excluded in the computation of the ten days.

In Richardson et al. v. Ford et al., 14 Ill. 332, the court say : " If an act is to be done between two certain days, it must be performed before the commencement of the latter day. In computing the time in such a case, both the days named are to be excluded. A grant of land described as lying between two lots would not embrace either of the lots. A policy of insurance on goods ' to be shipped between February 1st and July 15th,' does not cover goods shipped on either of those days," etc.

Thus far we have assumed Saturday, February 19th, to have been the last day of the January term ; but it is by no means free from doubt, whether Sunday, February 20th, was not, in legal contemplation, the last day of the January term. The February term of the trial court did not, as before stated, commence till February 21st, and there is nothing in the record showing an adjournment Saturday, February 19th, to the next succeeding term.

In Brown v. Leet, 136 Ill. 205, the question was whether Sunday was to be counted as one of the days of the October term of the Supreme Court, and the court say: " For most purposes a term of court is considered as one day (Chiniquy v. The People, 78 Ill. 570); but for the purposes of this section of the Practice Act, the term is made to consist of days, and the word ' day' therein is used in its popular sense. The fact that Sunday is not a judicial day does not, within the contemplation of the statute, render it any less a day of the term."

In the present case, if Sunday, February 20th, is to be considered the last day of the January term of the Circuit Court, then, even counting March 1st, the first day of the Appellate Court term, in computing the time, but nine days intervened; excluding it, only eight days intervened.

It is true that the decision in Brown et al. v. Leet et al.,

*supra*, was with reference to a Sunday which intervened between the first and last days of the term, and not to a Sunday which next succeeded the last secular day of the term; but the language of the court, viz., "The fact that Sunday is not a judicial day does not, within the contemplation of this statute, render it any less a day of the term," applies as much to a Sunday next succeeding the last secular day of the term, as to any preceding Sunday of the term.

Appellant not being required to file a transcript at the present term, the motion to dismiss the appeal is overruled.