## COURT OF APPEALS,

### June 4, 1912.

## THE PEOPLE v. FRANK FOX, WARDEN.

(205 N. Y. 490.)

(1) JURISDICTION—MAGISTRATES' COURT—SUNDAY.

Magistrates may exercise jurisdiction on Sunday where it is necessary to preserve the peace (Judiciary Law, sec. 5; Cons. Laws, ch. 30). Under the provisions of the Inferior Criminal Courts Act (L. 1910, ch. 659, sec. 71) there is conferred upon the Magistrates' Courts of the city of New York the same general jurisdiction for their sittings on Sundays which they have the right to exercise on other days.

(2) SAME—DISORDERLY CONDUCT.

Where a person was found guilty of disorderly conduct which, in the opinion of the magistrate, tended to a breach of the peace, the offense was not a crime in the strict sense of that term, as used in the Code of Criminal Procedure, but an offense against a police regulation which the Magistrates' Court had the power to dispose of summarily on Sundays as on other days of the week. The limitation in section 5 of the Judiciary Act, restricting the Sunday jurisdiction of magistrates to the arrest, committal or discharge of a person charged with an offense " in a criminal case " does not apply, because this is not a " criminal case " within the purview of that statute.

People ex rel. Burke v. Fox, 150 App. Div. 114, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1912, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to custody.

The facts, so far as material, are stated in the opinion.

*Alexander Lange,* for appellant. As February 25, 1912, was a Sunday, the City Magistrates' Court, on relator's plea of not guilty, was without power to try, convict and commit her on that

day. (People ex rel. Donohue v. Walton, 35 Misc. Rep. 320; Kraft v. De Verneuil, 105 App. Div. 43.)

*Charles S. Whitman, District Attorney (Robert C. Taylor,* of counsel), for respondent. In New York city the power of the magistrates to hold court upon Sundays exists by express legislative enactment. (L. 1895, ch. 601, § 5; L. 1901, ch. 466, § 1398; L. 1910, ch. 659, § 71.) The present law is very broad. The magistrate has full jurisdiction " to preserve the peace " on Sunday; and this power is entirely independent of his power to " commit or discharge " in criminal cases. (2 R. S. 275, § 7.) The disorderly conduct sections of the act under which this Burke woman was committed created no crime, but were mere regulations to preserve the public peace. This is true of all of the well known petty offenses of which the magistrates have jurisdiction to make final disposition. (Steinert v. Sobey, 14 App. Div. 505; Matter of Erbe, 13 Misc. Rep. 404; Neuendorff v. Duryea, 69 N. Y. 557; 6 Daly, 276; Lindenmuller v. People, 33 Barb. 548; People v. Hogan, 20 How. Pr. 76.)

WERNER, J.:

The relator was imprisoned under a commitment which recited that she had been found guilty of disorderly conduct which, in the opinion of the magistrate, tended to a breach of the peace. She was arrested in New York city on Sunday, February 25th, 1912, taken directly before a city magistrate, where she pleaded not guilty and was summarily convicted and sentenced. By her petition for a writ of habeas corpus she challenges the legality of her conviction on the ground that the magistrate had no power to hear, try and determine her case on Sunday. At Special Term the writ was dismissed and the relator remanded. At the Appellate Division the order was unanimously affirmed, whereupon the relator ap-

pealed to this court. If it were not for conflicting decisions in similar cases by the Appellate Divisions of the first and second departments (People ex rel. Price v. Warden, etc., 73 App. Div. 174; People ex rel. Ryan v. Supt. State Reformatory at Bedford, 149 App. Div. 749), we should be content to affirm the order herein upon the opinion below, but in view of this conflict of decisions we deem it proper to briefly state our views upon the question involved.

The relator relies upon the decision of the Appellate Division in the second department in the case of People ex rel. Ryan v. Supt. State Reformatory at Bedford (supra), where the conclusion was reached that the city magistrates of New York city have no authority to hold court on Sundays except for the limited purposes specified in section 5 of the Judiciary Law (Cons. Laws, ch. 30). That section provides that " A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday. But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense." The last sentence of this section is obviously the only one which applies to magistrates and, as to them, it imposes the duty to exercise jurisdiction on Sunday " *where it is necessary to preserve the peace, or, in a criminal case, to arrest, commit or discharge a person charged with an offense.*" Upon the meagre record before us we think this statute in itself is broad enough to confer the jurisdiction which was exercised, for the commitment recites that the relator was found guilty of disorderly conduct which tended to a breach of the peace, and the statute declares that a magistrate may exercise jurisdiction on Sunday " where it is necessary to preserve the peace." This provision we deem ample to confer such

jurisdiction as may be necessary to the complete disposition of all minor offenses in which the gist of the charge is the disturbance of the public peace. It is not necessary, however, to rest our decision upon this single ground, since we think there are other controlling considerations which lead to the same result.

In the so-called Inferior Criminal Courts Act (Laws 1910, ch. 659, sec. 71) which relates to the Magistrates' Courts of New York city, we find a general provision for holding courts on all days, including Sunday. "There shall be a city magistrates court held *daily* in every court district and * * * each court shall be open every day at nine o'clock in the morning and shall not be closed before four o'clock in the afternoon, and the city magistrate assigned thereto shall be in attendance thereat except during a reasonable recess *and except that the afternoon session may be dispensed with upon Saturdays, Sundays and holidays,* other than days upon which general elections are held, when each court shall be open until the polls close." There is nothing in the context of this statute which suggests any limitation upon the jurisdiction of the Magistrates' Courts on Saturdays, Sundays or holidays. The only difference between these days and the other days of the week is as to the time of sitting. On Saturdays, Sundays and holidays the afternoon sessions "may be dispensed with," but on other days they must be held as the statute prescribes. A liberal and reasonable construction of this statutory direction would seem to indicate that it was the legislative purpose to confer upon the Magistrate's Courts of New York city the same general jurisdiction for their sittings on Sundays which they concededly have the right to exercise on other days. We think that the distinct provision for the difference in the hours of sitting and the omission of any direction differentiating the jurisdiction on Sundays from that of other days, fairly supports the inference that the jurisdiction was to be the same on all days.

There is even broader ground, however, upon which the de-

cision herein can be supported. We think the provision in section 5 of the Judiciary Law, which limits the Sunday jurisdiction of magistrates " in a criminal case " to the arrest, committal or discharge " of a person charged with an offense " has no application to such a case as this. There are many minor offenses, colloquially classified as crimes, which are merely violations of police regulations. Vagrancy, public drunkenness, various kinds of disorderly conduct, and other minor offenses fall within this category and have from time immemorial been the subject of summary disposition in magistrates' tribunals. The difference between such offenses and crimes was very clearly stated by our present Chief Justice Cullen, when he was a member of the Appellate Division in the Second Department, in the case of Steinart v. Sobey (14 App. Div. 505, 507). That was an action for false imprisonment. The plaintiff had been charged with disturbing a religious meeting and the question was whether the defendant, a justice of the peace, had jurisdiction to convict and punish. In discussing this question of jurisdiction Mr. Justice Cullen said: " It is undoubtedly true that the term ' crime ' is, within many definitions to be found in dictionaries and text writers, broad enough to include the offense with which the plaintiff was charged. Mr. Bishop, in his work on Statutory Crimes, devotes many sections to the discussion of the violation of the ordinances and by-laws of municipal corporations, treating such violations as crimes. But whatever be the correct and accurate definition of the word ' crime,' I think that it is not used in the Code of Criminal Procedure in a sense broad enough to include petty offenses subject to summary conviction by a magistrate. In the Code crimes are divided into felonies and misdemeanors, and no provision is found for the trial of either before a magistrate, as such. Yet the Code at length prescribes the forms and methods of procedure in cases of bastardy, in proceedings under the Poor Law, and proceedings against vagrants and disorderly persons. These are termed in the Code, not prosecutions for crime, but ' special proceed-

ings of a criminal nature.' Proceedings in cases of bastardy and in cases under the Poor Law may be considered as not penal, but only as means to enforce the discharge of legal obligations. But proceedings against vagrants, and in certain cases against disorderly persons are as essentially punitive as any sentence imposed for crime. It is, therefore, apparent that too broad a significance must not be given to the term ' crime ' as used in the Code. This distinction in nomenclature existed prior to the Code. The title of part four of the Revised Statutes is: 'An act concerning crimes and punishments; proceedings in criminal cases; and prison discipline.' Yet in this part of the Revised Statutes the proceedings against vagrants, disorderly persons, Sabbath breakers or disturbers of religious meetings are not to be found. These all occur in chapter 20 of part 1, entitled ' of the internal police of the State.' It thus appears that, however inaccurate or illogical the distinction may be, summary proceedings for petty offenses leading to disorder have been considered, not as prosecutions for crimes, but for offenses against police regulations." This quotation very aptly expresses our views in the present case. We think the offense charged against the relator was not a crime in the strict sense of that term, but an offense against a police regulation which the Magistrates' Court had the power to dispose of summarily on Sunday as on other days of the week. We regard the limitation in section 5 of the Judiciary Act, restricting the Sunday jurisdiction of magistrates to the arrest, committal or discharge of a person charged with an offense " in a criminal case," as not applicable, because this is not a " criminal case " within the purview of that statute.

The orders of the Appellate Division and the Special Term should be affirmed.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Orders affirmed.

# NOTE ON CRIMINAL PROCEEDINGS ON SUNDAY.

## AT COMMON LAW.

Held *dies non juridicus*.  Pulling v. People, 8 Barb, 384.

Anciently courts of justice sat on Sunday.  Two reasons for this are given in Sir Henry Spelman's Original of the Terms, one being that the Christians laid aside all observance of days in opposition to the heathens who were superstitious about the observance of days and times; and the other being that by keeping their courts always open, they would prevent Christian suitors from resorting to the heathen courts.  But in 517 a canon was passed exempting Sunday from the judicial days, which, with other canons passed later, was received and adopted by the Saxon kings and embodied in the Constitution of Edward the Confessor.  These canons and constitutions were all confirmed by William the Conqueror and Henry the Second, and so became part of the common law of England.  Swann v. Broome, 3 Burr. 1595, 97 Eng. Reprint, 999; Merritt v. Earle, 31 Barb. 38, aff'd 29 N. Y. 115.

The fact that Sunday is not a judicial day does not render it any less a day of a term of court.  Coleman v. Keenan, 76 Ill. App. 315.

Common-law rule affirmed, in whole or in part.  People v. Walton, 35 Misc. 320, 15 N. Y. Crim. 512; People v. Dewey, 23 Misc. 267. .

## WARRANTS AND ARRESTS.

Both at common law and under statutes warrants may be issued on Sunday.  Keith v. Tuttle, 28 Me. 326.

And arrests may likewise be made.  Weldon v. Colquitt, 62 Ga. 449.

Search warrants may be issued and executed on Sunday.  State v. Conwell, 96 Me. 172; Wright v. Dressel, 140 Mass. 147.

But an arrest for violation of the Sabbath laws could not lawfully be made on Sunday.  Pearce v. Atwood, 13 Mass. 324.

Service of warrant of arrest on Sabbath forbidden by statute.  Wood v. Brooklyn, 14 Barb. 425.

But this not so in cases of breach of the peace, felony or treason.  Corbett v. Sullivan, 54 Vt. 619; Commonwealth v. De Puyter, 16 Pa. Co. Ct. 5899.

BAIL.

The entering into a bail bond in a criminal proceeding, being considered as an act of necessity and charity, and not strictly judicial business or proceedings, is held valid if entered into on Sunday. State v. Douglass, 39 Ind. 544.

And this rule has been extended to appeal bonds. State v. California Min. Co., 13 Nev. 203.

And also a case where the bail bond was signed on Sunday, but not delivered on that day. Babcock v. Carter, 117 Ala. 575.

But contra, State v. Suhur, 33 Me. 539.

SESSIONS OF COURT.

Unless statutes permit, judge held to have no authority to hold court or conduct a trial on Sunday. Pulling v. People, 8 Barb. 384.

The holding court on the Sabbath held not forbidden by the common law or any statute, but it is stated that it has been the long settled and almost universal practice of the courts, when a term continues so long that a Sunday intervenes, to adjourn over until Monday. State v. Howard, 82 N. C. 626.

In the absence of malice a justice of the peace is not personally liable for trying and convicting a person accused of crime on Sunday. Krait v. Verneuil, 105 App. Div. 43.

But a judge can instruct a jury that has disagreed on Sunday. Jones v. Johnson, 61 Ind. 257.

The continuing of a trial from Saturday to Monday does not constitute a keeping open of the court on Sunday. Vandewerker v. People, 5 Wend. 530.

· Where a trial is conducted on Sunday, the judge held not to thereby lose jurisdiction. People v. Luhrs, 79 Hun, 415.

Where trial by mistake set for Sunday, a session on that day and an adjournment over for trial held not to invalidate the proceedings. Cheeseborough v. Van Ness, 12 Ga. 380.

Held lawful to adjourn to Sunday for the purpose of receiving a verdict. Court may, for certain purposes, be held on Sunday; this by regulation of statute. Watts v. Commonwealth, 5 Bush (Ky.) 309.

Code of Civil Proc., sec. 6 (Judiciary Law, sec. 5), which authorizes a magistrate to commit or discharge on Sunday a person charged with an offense, held not to permit a trial on Sunday, but only permitted a discharge, or a commitment for a hearing. People v. Walton, 35 Misc. 320, 15 N. Y. Crim. 512.

Held that the word "commit" covers committing after conviction, as well as committing to await trial, and further, held that the above statute has been superseded in the city of New York by Laws of 1897, ch. 378, as amended by Laws of 1901, ch. 466, which confers authority for the opening of magistrates' courts at certain hours on Sunday. People v. N. Y. State Reformatory for Women, 73 App. Div. 174.

## VERDICT.

A verdict may be delivered, received and entered on Sunday, it being a merely ministerial act. Baxter v. People, 8 Ill. 368.

Contra, Davis v. Fish, 1 Greene (Iowa), 406.

Where term of court expires by legal limitation on Saturday, verdict received on Sunday held invalid. People v. Lightner, 49 Cal. 266.

Held that a court may find as a legal conclusion that the jury cannot agree, on Sunday, and discharge it, but a positive finding to that effect by the court is a prerequisite to the exercise of the power to discharge. State v. McGimsey, 80 N. C. 377.

## PROCEEDINGS IN MAGISTRATES' COURTS.

It is immaterial whether the word "commit" in par. 6, Code Civ. Proc., authorizes a magistrate to try, convict and sentence a prisoner on Sunday, as that section has been superseded by paragraphs 1397 and 1398, N. Y. City Charter, which directs, with regard to the exercise of jurisdiction of a magistrate on Sunday in New York county, that "The several city Magistrates' Courts shall be opened every day at nine o'clock in the morning and * * * shall not be closed before four o'clock in the afternoon except on Saturdays, Sundays and holidays, when morning sessions only shall be necessary," and from the power to open such courts naturally flows the right to exercise all the functions incident to and requisite for the proper and efficient administration of justice therein. People ex rel. Price v. Warden, 73 App. Div. 174.