## Central Trust Company of Illinois, Appellee, v. Bernhard Loeff, Appellant.

### Gen. No. 24,227.

1. TIME, § 1*—*how computed.* The proper mode of computing time when an act is to be performed within a particular period from or after a specified day is to exclude the day named and include the day on which the act is to be done.

2. MUNICIPAL COURT OF CHICAGO, § 12*—*what is first date on which summons is returnable.* The first date on which a summons is returnable after its issuance, under section 28 of the Municipal Court Act (J. & A. ¶ 3340), providing that the summons shall be returnable upon some Monday at least five days after the date thereof, is October 15th, where such day is Monday and the notice was issued on October 10th previous.

3. COSTS, § 67*—*when allowed for dilatory appeal.* An appellee was awarded 5 per cent statutory damages for a dilatory appeal, under section 23, ch. 33, Rev. St. (J. & A. ¶ 2737), where an appeal was prosecuted for purpose of delay.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed with damages. Opinion filed March 12, 1919. *Certiorari* denied by Supreme Court (making opinion final).

H. J. ROSENBERG, for appellant; IRVING ZIMMERMAN, of counsel.

WINSTON, STRAWN & SHAW, for appellee; FRANK H. TOWNER and LESLIE M. O'CONNOR, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit to recover $1,514.49 against the defendant in the Municipal Court of Chicago on two promissory notes. The suit was commenced October 10, 1917, and at that time a summons was issued returnable on Monday, October 15, 1917. The defend-

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCXIII 22

ant was served on the 11th, and on October 15th he filed a special appearance and moved the court to quash the summons and dismiss the suit. The motion was overruled, the special appearance stricken, and the defendant was ordered to file an affidavit of merits, which was not done. Thereupon he was defaulted and judgment entered against him for the amount of plaintiff's claim.

The basis of defendant's motion was that the summons was not made returnable in accordance with section 28 of the Municipal Court Act (J. & A. ¶ 3340). That section provides: "The summons, * * * shall be returnable upon some Monday at least five days * * * after the date thereof." And it is argued that "five full days must intervene between the date of the summons and the Monday to which the same is returnable; that neither the date upon which the summons was issued nor the Monday to which the same is made returnable can be counted as part of the intervening five days." In support of this the cases of *Richardson v. Ford,* 14 Ill. 332; *Webster v. French,* 12 Ill. 302; *Coleman v. Keenan,* 76 Ill. App. 315, and authorities from other jurisdictions are cited. In the *Richardson* case, it was held that where an agreement was made to pay $400 more "between now and the 1st of September next" the offer to pay the money on September 1st was too late. The court there said: "Where the act is to be done by or before a given day, it must be performed prior to that day." It is clear that that case is not in point. There the money was to be paid between the date of the agreement and September 1st, and of course this would not be done unless payment was made before September 1st. The statute in question in the instant case does not provide that the summons shall be issued at least five days before the date on which it is returnable, but the provision is that it shall be returnable at least five days after its date. In the *Webster* case, the law required the Governor to receive written sealed bids

until the 1st day of July, and it was held that the last day on which such bids could be received was June 30th. In the *Coleman* case, the statute in reference to filing records in this court provided that ten days should "Intervene," and it was held that "Intervene means to come between," and that ten full days must intervene between the last day of the term of court at which judgment was rendered and the sitting of this court. Manifestly this case is not in point, for the section of the Municipal Court Act under consideration does not require that at least five days shall intervene between the date of the summons and its return. The authorities from other jurisdictions cited need not be considered, since the question has been determined by the courts of this State. Moreover, we think the statute is clear and needs no construction. It provides in plain terms that the summons shall be returnable at least five days after its date. In the instant case its date is October 10th. Five days after this date is October 15th.

In the case of *Dierssen v. Williamsburg City Fire Ins. Co.*, 204 Ill. App. 240, where we had occasion to consider a similar question, we said: "It has long been firmly established in this State that the proper mode of computing time when an act is to be performed within a particular period from or after a specified day is to exclude the day named and include the day on which the act is to be done."

In *Ewing v. Bailey*, 5 Ill. (4 Scam.) 420, the court said: "The proper mode of computing time, where an act is to be performed within a particular period from or after a specified day, is to exclude the day named, and include the day on which the act is to be done."

Paragraph 11, sec. 1, ch. 131, Rev. St. (J. & A. ¶ 11102), provides: "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be ex-

cluded." Section 6, ch. 100, Rev. St. (J. & A. ¶ 7860), provides: "In computing the time for which any notice is to be given, whether required by law, order of court or contract, the first day shall be excluded and the last included, unless the last day is Sunday, and then it also shall be excluded."

In *Richter v. Chicago & E. R. Co.*, 273 Ill. 625, it was held that where the appellant "was given sixty days from December 14, 1912, in which to file a bill of exceptions, the last day on which the bill could be filed was February 12, 1913. In computing the sixty days from December 14th, the first day was excluded and the last day included.

In the instant case, the statute provides the summons shall be returnable not less than five days after or from the date thereof. And by the same method of computation, five days from October 10th, the date of the issuance of the summons, would be October 15th. To the same effect in *People v. Snow*, 279 Ill. 289. There the statute provided that no appropriation ordinance should take effect "until ten days after" publication, and it was held that where the publication of such ordinance was on January 29th, it became effective on February 8th. From the foregoing it is clear that there was no merit in the defendant's contention, and the trial court properly overruled his motion.

Plaintiff insists that this appeal is prosecuted solely for delay, and therefore he is entitled to statutory damages, as provided by section 23, ch. 33, Rev. St. (J. & A. ¶ 2737). That section provides that where a judgment of the trial court is affirmed and the court is of the opinion that the appeal or writ of error is prosecuted for delay, the party prosecuting such appeal or writ of error shall pay to the opposite party a sum not to exceed 10 per cent of the judgment of the court. We think it clear that the appeal in this case was prosecuted for delay, and therefore under

section 23, *supra*, 5 per cent of the amount of the judgment will be added thereto.

The judgment of the Municipal Court of Chicago is affirmed with damages.

*Affirmed with damages.*